■ LELAND DURANT, Respondent, v. GRANGE SILO COMPANY, Appellant.— This appeal is from an order denying defendant's motion for summary judgment in a property damage negligence action. Defendant moved under rule 113 of the Rules of Civil Practice for summary judgment on the pleadings, bill of

particulars and an examination before trial taken April 20, 1959. Plaintiff's complaint alleges that defendant negligently constructed a silo on plaintiff's property in September, 1945 and that thereafter in September, 1957 the silo collapsed damaging other property owned by the plaintiff. No claim is made for any damage or loss to the silo itself. The motion for summary judgment is based upon two grounds (a) that the action is barred by the Statute of Limitations and (b) that plaintiff is guilty of contributory negligence as a matter of law. As to the first ground, Special Term properly held that the cause of action accrued on the date of the collapse of the silo, September 18, 1957 and that the Statute of Limitations (Civ. Prac. Act, § 49, subd. 6) began to run as of that date rather than from the date of sale or the discovery, prior to the silo's collapse, of certain defects in the materials or construction. In New York the cause of action for negligence accrues when there has been an invasion of personal or property rights (*Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287; *Great Amer. Ind. Co.* v. *Lapp Insulator Co.*, 282 App. Div. 545). "Though negligence may endanger the person or property of another, no actionable wrong is committed if the danger is averted. It is only the *injury* to person or property arising from negligence which constitutes an invasion of personal right, protected by law, and, therefore, an actionable wrong. * * * There can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury. Otherwise, in extreme cases, a cause of action might be barred before liability arose." (*Schmidt* v. *Merchants Desp. Transp. Co., supra,* p. 300.) Defendant seems to claim that its negligence, if any, resulted in injury to the plaintiff before the collapse of the silo because leaking and crumbling of concrete blocks had caused ensilage loss in certain years previous to the collapse. There is no relationship between the injuries except that they may have been caused by the same negligent act. The *Schmidt* case (*supra*) relied on by defendant involved a single wrong and a single injury. The answer to defendant's contention is that a negligent act may cause more than one injury and thereby give rise to more than one cause of action. We further agree with Special Term that a reading of the examination before trial demonstrates the existence of a question of fact as to the contributory negligence of the plaintiff. Order unanimously affirmed, with costs to respondent.