■ JOHN J. PITCHERELLO et al., Respondents, v MORAY HOMES, LTD., Appellant.—Casey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered August 25, 1988 in Rensselaer County, which, inter alia, denied defendant's motion to dismiss the complaint and granted plaintiffs' cross motion to amend the amended complaint.

Plaintiffs contracted with defendant, a builder, for the purchase and sale of a new home for $87,400 to be built at 15 Dunleer Drive in the City of Troy, Rensselaer County. This new house was to be a raised ranch, modeled after the one that had been built at 35 Balina Street in the city. The contract contained no mortgage or structural contingency clauses, but did contain a clause whereby no other promises, agreements, conditions, warranties or representations were made other than those contained in the contract. Plaintiffs applied for and received a mortgage in the amount of $20,000 and had paid defendant $10,000 by the time the roof was in place. Defendant completed construction of the house and obtained a certificate of occupancy from the city on September 29, 1986. The contract provided for a closing date of October 1, 1986.

Plaintiffs allege that prior to the closing date, they visited the house and observed that the carpeting in the lower level family room was soaking wet and an adjoining wall was wet and mildewed. Defendant was allegedly informed of these problems but ignored them; as a result plaintiffs retained an attorney and a structural engineer. Through their attorney, plaintiffs sent defendant the engineer's report and requested that the defects be remedied. Defendant's attorney responded by letter and maintained that because the contract contained no structural contingency clause, plaintiffs' engineer's findings did not preclude the closing of title on the house, which this letter set for December 2, 1986, and made time of the essence. The letter further advised plaintiffs that their failure to appear at the closing would result in a default on the contract. On December 2, 1986 defendant was ready, willing and able to transfer title. Plaintiffs, however, refused to do so and, by letter dated December 17, 1986, demanded the refund of their $10,000 deposit. Defendant refused, contending that plaintiffs had breached the contract by their failure to appear at the closing and that plaintiffs were not entitled to the return of their deposit.

Plaintiffs commenced this action by the service of a summons with notice. Upon defendant's demand, plaintiffs served a complaint which defendant answered. Thereafter, plaintiffs served an amended complaint and defendant served an amended answer. Defendant moved to amend its amended answer and to dismiss plaintiffs' causes of action for breach of express warranty and fraud and false representation, as legally insufficient. Defendant also moved for summary judgment dismissing plaintiffs' claim for mental anguish and emotional distress, as well as plaintiffs' breach of contract cause of action, and for summary judgment on defendant's own counterclaim for breach of contract. Plaintiffs cross-moved for leave to amend their amended complaint to add a cause of action for breach of implied warranties. Defendant opposed the cross motion, contending that the cause of action for breach of implied warranties lacked merit. Supreme Court denied defendant's motion to dismiss in its entirety and its motion for summary judgment, and granted both parties leave to amend their pleadings.

On this appeal, defendant first argues that plaintiffs' failure to become the owners of the house precludes their cause of action for breach of implied warranties of workmanlike construction and habitability. We agree. The Court of Appeals has stated that a claim based on breach of implied warranties

between a builder-vendor and purchaser of a house "could only arise at closing of title when the builder-vendor conveyed a house which suffered from latent material defects." *(Caceci v Di Canio Constr. Corp.,* 72 NY2d 52, 56.) This court has held that a cause of action for breach of these implied warranties of workmanlike construction and habitability arises from the *sale* of a new house *(De Roche v Dame,* 75 AD2d 384, 387, *lv dismissed* 51 NY2d 821). Inasmuch as no closing and consequently no sale of this house occurred, plaintiffs' action for breach of implied warranties is not viable. Therefore, Supreme Court erred in granting plaintiffs' cross motion to amend their previously amended complaint to include this legally insufficient cause of action.

We also find plaintiffs' claimed cause of action for breach of express warranty to be meritless. This cause of action is contended to stem from defendant's express promise to build a house that was a "raised ranch like 35 Ballina Street, Troy, N.Y." Such a promise would hardly qualify as an express warranty against the seepage, mildew, grading and other defects about which plaintiffs now complain. The express promise was limited to the type of construction, size and appearance of the house. It did not encompass its condition. The promise cannot be construed to mean that plaintiffs' construction would be free from the defects about which they now complain, when there has been no showing that the model itself was at all times and under all conditions free from these same defects. Plaintiffs' cause of action for breach of express warranty should, therefore, have been dismissed.

We further find plaintiffs' cause of action for fraud and false representation to be legally insufficient for its failure to comply with CPLR 3016 (b), which requires that the facts and circumstances constituting the fraud and misrepresentation be stated in detail *(Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778).

Turning to plaintiffs' breach of contract cause of action, since the contract did not provide for a higher standard of care, defendant's duty was limited to reasonable care and competence owed generally by practitioners in the trade *(Milau Assocs. v North Ave. Dev. Corp.,* 42 NY2d 482). Contrary to defendant's arguments, plaintiffs have demonstrated through their engineer's report regarding construction, seepage and improper grading a factual setting sufficient to defeat defendant's motion for summary judgment against this cause of action. Supreme Court was correct in sustaining plaintiff's cause of action for breach of contract. This cause of action for

breach of contract will not, however, support a claim for mental anguish and emotional distress *(Wehringer v Standard Sec. Life Ins. Co.,* 57 NY2d 757), especially when proof of an accompanying physical injury is lacking *(Martin v Donald Park Acres,* 54 AD2d 975). Defendant's motion for summary judgment dismissing plaintiff's claim for damages for mental anguish and emotional distress should have been granted by Supreme Court.

Supreme Court was correct in denying defendant's motion for summary judgment in defendant's favor on its counterclaim for breach of contract. This counterclaim is based on plaintiffs' failure to appear at the closing and to accept the transfer of title. As previously discussed, there are factual issues as to the reasons for plaintiffs' refusal to close; defendant's motion for summary judgment in its favor was therefore properly denied.

Order modified, on the law, without costs, by reversing so much thereof as (1) granted plaintiffs' cross motion for leave to amend their amended complaint, (2) denied defendant's motion to dismiss the claims for breach of express warranties and fraud and false representation, and (3) denied defendant's motion for summary judgment dismissing the claim for mental anguish and emotional distress; deny plaintiffs' cross motion and grant defendant's motion to the extent of dismissing the aforementioned claims; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.