■ WILLIAM J. HART et al., Respondents, v MORAY HOMES, LTD., Appellant, et al., Defendants.—Mikoll, J.

The issue before us is whether Supreme Court properly held that plaintiffs' causes of action in negligence and strict products liability against defendant Moray Homes, Ltd. (hereinafter defendant), the builder of their home, stemming from a fire in, around and near the fireplace chimney of their home did not accrue until the fire damage occurred. The home was completed in 1977 and the fire occurred in April 1984.

Plaintiffs commenced their action on September 23, 1985. Their amended complaint alleged (1) negligent design and construction of the home, (2) breach of warranties in that defendant warranted that the fireplace would be built according to codes and standards making it safe for the use intended, (3) strict liability for "an inherently defective condition", and (4) breach of contract. Plaintiffs sought judgment of $9,000 for damages to the house. No claim was made for damages to the fireplace.

Defendant moved pursuant to CPLR 3211 to dismiss all four causes of action on the ground that they were barred by applicable Statutes of Limitation. Supreme Court granted defendants motion with respect to the breach of warranty and contract causes of action but not as to the remaining causes of action. This appeal by defendant followed and is limited to the viability of the negligence and strict products liability causes of action.

Plaintiffs urge that the negligence cause of action did not commence to run until the defect and breach were discovered and the damages sustained. The defect in the fireplace, which is alleged to have caused the fire, was detected when the fireplace bricks were torn down to combat the fire. However, the Court of Appeals held in *Cabrini Med. Center v Desina* (64 NY2d 1059, 1061), citing to its decision in *State of New York v Lundin* (60 NY2d 987), that in construction cases, causes of

action based on defects in construction "generally accrue * * * upon completion of the actual physical work under the terms of the contract" and assertions of negligence or fraud cannot serve to extend the life of the claim which is governed by a six-year contract Statute of Limitations. Here, all the causes of action had as their genesis the contract and its breach in the construction of a defective chimney.

Plaintiffs urge that the instant case is distinguishable because they seek only consequential damages to the property rather than damages for defects in construction of the chimney and that the principles stated in *Durant v Grange Silo Co.* (12 AD2d 694) and *Cubito v Kreisberg* (69 AD2d 738, *affd* 51 NY2d 900) apply. Plaintiffs contend that when breach of contract or warranty lead to further harm to property and personal injury beyond the failure to perform according to the contract, the occurrence of the subsequent harm marks the inception of an additional cause of action in negligence.

In *Durant v Grange Silo Co. (supra),* the defective construction by the defendant of a silo caused its collapse and the collapse resulted in damage to other property of the plaintiff. The negligence cause of action for damages to the other property was appropriately determined to run from the collapse of the silo and not from its construction. In *Cubito v Kreisberg (supra),* a negligence cause of action was sustained against an architect, with whom the plaintiff had no professional relationship, based on a claim of architectural negligence in the design and construction of a laundry room, which caused the plaintiff to fall and sustain injury many years after the project was completed. The cause of action was held to have come into being when the plaintiff sustained injury and not from the date of completion of the laundry room.

We find both *Durant (supra)* and *Cubito (supra)* distinguishable on their facts and thus not determinative of the issue before us. The instant situation is instead governed by *State of New York v Lundin* (60 NY2d 987, *supra*). In seeking to recover only consequential damages to the house, plaintiffs cannot avoid the true nature of their claim against defendant. The failure to assert a claim for the fireplace defect within six years of its construction forecloses plaintiffs' right to relief.

As to the cause of action based on strict products liability, plaintiffs urge that the applicable Statute of Limitations is three years from the date of injury or damage and that their action was timely commenced, that is, within three years of the 1984 fire. In strict products liability cases, latent defects give rise to a cause of action upon the infliction of harm. The

pleadings indicate that the fireplace was supplied and installed in conjunction with the house building contract, which work was subcontracted by defendant. Defendant was a purveyor of services rather than a manufacturer of goods and thus a cause of action upon strict products liability theory is inapplicable *(see, State of New York v Lundin, supra)*. Supreme Court therefore erred in ruling that a cause of action based on such theory was available and timely commenced.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Moray Homes, Ltd. to dismiss the first and third causes of action; motion granted and said causes of action dismissed; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.