■ Louis Joy Corp., a Subsidiary of National Shoes, Inc., Appellant, v Boriss Breslow Corp. et al., Respondents.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered October 24, 1989, which granted defendants' motion to dismiss the action as being untimely commenced and which denied plaintiff's cross motion to amend its summons and complaint, unanimously affirmed, with costs.

In June 1974, defendant Breslow entered into a construction contract with National Shoes, Inc. for the installation of electrical equipment in two stores. Defendant Bigman was retained as a subcontractor. Construction and installation of electrical equipment was completed in October 1974.

On November 15, 1980, a fire caused damage at the stores operated by National. On December 8, 1980, Louis Joy Corp., plaintiff, a wholly owned subsidiary of National, executed a complete assignment of all its assets to National, including any claims.

On April 18, 1983, Louis Joy instituted this action against defendants for alleged property damage and business interruption loss due to the fire. The complaint sounds in breach of contract, negligence and breach of warranty.

Defendants moved for summary judgment on the ground that, *inter alia,* the action was time barred under the applicable Statute of Limitations. The IAS court granted defendants' motion.

"A cause of action against a contractor for defects in construction generally accrues upon completion of the actual physical work" *(Cabrini Med. Center v Desina,* 64 NY2d 1059, 1061). As plaintiff's causes of action all arise out of an alleged breach of contract, the action is barred by the applicable Statute of Limitations since this action was not commenced until almost nine years after the work was completed.

While plaintiff now argues that its claim is based in strict products liability, it is clear that the electrical equipment was supplied and installed in a construction project where defendants provided the construction services and were not the manufacturers of the goods.

Plaintiff also seeks to amend its complaint to add the

insurer of Louis Joy and National as subrogee. However, as the Statute of Limitations has already barred the instant claim, the requested amendment is academic.

We have considered all other claims and find them to be meritless. Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.