◼ NORTIC VILLAGE CORPORATION, Respondent, v EMPIRE ELECTRIC SUPPLY COMPANY, Respondent, and GRIECO ELECTRIC COMPANY, INC., Appellant. [602 NYS2d 574] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff commenced this action in May 1988 seeking damages sustained as a result of a fire. Plaintiff alleged that the fire was caused by a defect in an electric cable negligently inspected, stored and installed by defendant Grieco Electric Company, Inc. (Grieco). After serving its answer, Grieco moved pursuant to CPLR 3025 (b) for leave to serve an amended answer asserting the Statute of Limitations as an affirmative defense and to dismiss the complaint based on that defense. The court erred in denying that motion. Plaintiff's

cause of action against Grieco accrued upon completion of the work, which was no later than 1978. Despite the fact that the only cause of action asserted against Grieco alleges negligence, plaintiff's action against Grieco arises out of a contractual relationship and thus is barred by the six-year contract Statute of Limitations *(see, Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389, 396; Louis Joy Corp. v Breslow Corp., 168 AD2d 223; Hart v Moray Homes, 158 AD2d 890; see generally, Video Corp. v Flatto Assocs., 58 NY2d 1026, 1028).* Plaintiff's only opposition to the proposed affirmative defense was that it lacked merit. Because that defense is meritorious and plaintiff failed to demonstrate prejudice or surprise from Grieco's delay in asserting the defense, the court should have granted Grieco's motion for leave to amend its answer *(see, Fahey v County of Ontario, 44 NY2d 934; see also, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755, 757)* and to dismiss the complaint. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Amended Answer.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.