■ MARY C. CHAN et al., Appellants, v ROSE CONSTRUCTION CORPORATION et al., Respondents. [621 NYS2d 213] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered April 15, 1994 in Albany County, which granted defendants' motion to dismiss the complaint as untimely.

On September 28, 1987, plaintiffs Mary Cheang Chan and Helen Cheng Cheang (hereinafter collectively referred to as plaintiffs) entered into a contract to purchase two parcels of real property in the City of Albany, each of which was improved with a two-family residence, from defendant Rose Construction Corporation (hereinafter Rose). The structures had apparently been recently constructed by Rose, a concern in which the two individual defendants are principals. Title was transferred to plaintiffs on November 23, 1987.

In this action, commenced on November 16, 1993, plaintiffs, claiming that the two houses were latently defective as a result of improper construction, assert causes of action for breach of implied warranties, negligence, fraud and mutual mistake, and seek to recover damages or to rescind the contract. On defendants' motion, Supreme Court dismissed the complaint as untimely because construction of the houses was completed more than six years before the action was commenced. All plaintiffs appeal.

It is clear from the record that the contract at issue was not one by which defendants agreed to construct houses on land already owned by plaintiffs, but was rather one for the sale of real property, already improved with completed residences. Inasmuch as plaintiffs contracted to purchase completed buildings rather than, as defendants maintain, their construction services, the contract was breached when defendants delivered or attempted to deliver the allegedly defective structures *(see, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52, 56; *see also, Pitcherello v Moray Homes,* 150 AD2d 860, 861-862), and not as of the time when the actual physical construction work was completed; in short, these are not construction contracts *(compare, Cabrini Med. Ctr. v Desina,* 64 NY2d 1059, 1060; *State of New York v Lundin,* 60 NY2d 987, 989; *Matter of Pigott Constr. Intl. v Rochester Inst. of Technology,* 84 AD2d 679,

680). Plaintiffs' inartful pleading as to the nature of the contracts is an insufficient reason to bar their suit. Accordingly, except as hereafter noted, we find plaintiffs' complaint, which accrued when Rose tendered the deeds to the properties on November 23, 1987, to be timely.

While it is true, as defendants contend, that pleading what is basically a breach of contract claim in terms of fraud will not serve to extend the time within which it may be brought, especially where, as here, the fraud charged represents nothing more than " 'the means of accomplishing the breach' " (Powers Mercantile Corp. v Feinberg, 109 AD2d 117, 120, affd 67 NY2d 981, quoting Iandoli v Asiatic Petroleum Corp., 57 AD2d 815, 816, lv dismissed 42 NY2d 1011), plaintiffs are not relying on such an extension, for their claims were brought within six years from the alleged breach. Nor are the claims sounding in negligence barred for they are based essentially upon allegations that defendants acted carelessly when carrying out their contractual obligations, and thus breached an implied agreement to use due care in the performance thereof. As to these claims, insofar as plaintiffs seek damages that would otherwise be recoverable on a contract cause of action, they, too, are governed by the same six-year Statute of Limitations.

To the extent that plaintiffs seek rescission, we note that they do so merely as an alternate remedy for defendants' alleged breach (see, 22 NY Jur 2d, Contracts, § 437); they do not attempt to characterize the contract as having been void or voidable from the outset (see, 22 NY Jur 2d, Contracts, § 436, at 359). As a consequence, their choice of rescission as a remedy has no bearing on the timeliness of their claims.

There is merit, however, to defendants' contention that the causes of action premised upon a theory of mutual mistake are untimely, for if the parties were laboring under a misconception at the time the contract was executed, as plaintiffs allege, the contract would have been voidable, and any cause of action would have accrued at its inception (cf., Ryan v Boucher, 144 AD2d 144, 145). Thus, these claims were properly dismissed.

Finally, inasmuch as Supreme Court did not reach the alternate ground for dismissal raised in defendants' motion, that is, whether defendant Michael C. Magguilli was properly served, and neither party has briefed that issue on appeal, we make no determination in that respect, but remit to Supreme Court for that purpose.

Crew III, White and Peters, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted the motion with respect to causes of action one through eight; motion denied with respect to said causes of action and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.