■ In the Matter of the Arbitration between INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant, and SARATOGA SPRINGS PUBLIC LIBRARY, Respondent. (And Another Related Proceeding.) [653 NYS2d 729] —Casey, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 21, 1995 in Saratoga County, which, *inter alia,* denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner was the surety for Peter Annis, Inc. (hereinafter Annis), the heating, ventilating and air conditioning contractor on a project to construct a new public library. When Annis defaulted during the performance of its prime contract with respondent, respondent demanded that petitioner perform under its surety bond. Ultimately the parties entered into a takeover agreement to complete the work of Annis, the principal on the prime contract. Pursuant to the takeover agreement, petitioner agreed "to procure the performance of all work remaining to be completed *in accordance with all the terms and conditions of the original contract*" (emphasis supplied). The original contract included a broad arbitration clause covering any controversy or claim arising out of or related to the original contract or the breach thereof.

Petitioner commenced proceeding No. 1 to stay arbitration brought by respondent against petitioner and two contractors whereby respondent asserted a claim for damages caused by the delay in completing the project. Supreme Court, *inter alia,* denied petitioner's application and petitioner now appeals.

Despite the statement in the takeover agreement that petitioner was acting solely in its capacity as a performance bond surety, it is clear that at the very least petitioner agreed to accept and be bound by the resolution reached in the arbitration forum of any dispute concerning the adequacy of the performance of Annis' original contract (*see, Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.,* 48 NY2d 127, 131-132). It is also clear that respondent's claim in the arbitration forum, which seeks damages caused by the delay in the completion of the project, is a dispute concerning the ade-

quacy of the performance of the various prime contracts, including the original contract executed by Annis.

Petitioner contends that any dispute concerning the adequacy of Annis' performance of the original contract is subject to arbitration, but any dispute concerning the adequacy of the performance of the original contract after Annis defaulted and petitioner agreed to procure performance is not arbitrable. According to petitioner, the latter dispute is not arbitrable because it involves the adequacy of petitioner's performance under its surety bond and/or the takeover agreement, neither of which includes an express agreement to arbitrate. This argument is meritless, for respondent's arbitration claim does not involve a dispute about petitioner's performance of an obligation under the surety bond or takeover agreement that is unrelated to the obligation of petitioner's principal on the original contract (*cf., id.*, at 131). Rather, respondent's arbitration claim involves a dispute concerning the adequacy of the performance of the various prime contracts, including the original contract executed by Annis, petitioner's principal, which petitioner agreed to take over. Adequacy of the performance of the original contract is clearly a matter subject to arbitration under the terms and conditions of that contract and petitioner agreed in the takeover agreement to be bound by those terms and conditions. Accordingly, Supreme Court correctly refused to stay the arbitration.

Crew III, White and Peters, JJ., concur.

Mikoll, J. P. (dissenting). I agree with petitioner's contention that Supreme Court erred in requiring it to arbitrate any issues concerning its performance as a performance bond surety. Petitioner's contractual obligations stem from its bond and takeover agreement. While respondent seeks damages from petitioner under the surety bond, it is the bond that determines the relief between the parties. While petitioner is bound by factual findings of arbitration concerning its principal's default, respondent is attempting to litigate issues flowing from petitioner's performance of its bond obligation. The bond and takeover agreement define the parties' rights. Since these provide for resolution in a court of law, arbitration cannot be forced on petitioner.

Supreme Court's reliance on *Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.* (48 NY2d 127) is at odds with the logic of the case. The Court of Appeals there found that the surety's incorporation by reference of its principal's contract, which contained a broad arbitration clause, bound the surety to the findings of arbitration between the principal

and obligee. However, the court went on to say that a distinction must be drawn between disputes arising under the subcontract and differences which may arise between the surety and the obligee under the performance bond (see, id., at 131). This reasoning was reiterated and reaffirmed by the Court of Appeals in Matter of Cowper Co. v Hires-Turner Glass Co. (51 NY2d 937). In Cowper, the subcontract incorporated by reference a prime contract which included an arbitration clause. The court held that the incorporation by reference clause did not bind the subcontractor to arbitrate under the prime contract's arbitration provision.

I disagree with Supreme Court's conclusion that arbitration is indicated because petitioner stands in the place of Peter Annis, Inc. The record, to the contrary, discloses that respondent's claims against petitioner relate to petitioner's performance of its obligations as a performance bond surety. This is clearly stated in the affidavit of respondent's architect. There is no legal basis for submitting this dispute to arbitration. Without petitioner's express consent to arbitrate, it cannot be compelled to do so (see, Matter of Marlene Indus. Corp. [Carnac Textiles], 45 NY2d 327).

I conclude that petitioner has preserved its right by seeking a stay of arbitration and reserving its right to contest the denial thereof by this appeal. Petitioner has taken all steps required of it to preserve that position.

I would modify Supreme Court's order by reversing the order of the court which denied the stay of arbitration proceedings between petitioner and respondent and joined petitioner in arbitration proceedings, and, as so modified, affirm.

Ordered that the order is affirmed, with costs.