OPINION OF THE COURT
Joseph R. Cannizzaro, J.
This action arises from the construction of plaintiffs’ new home pursuant to a building contract entered into between the plaintiffs and defendant Irish Builders on September 16, 1991. The subject home was completed on May 1, 1992, and plaintiffs took up residence at that time. James M. Irish, Jr. (hereinafter Mr. Irish), a partner of Irish Builders, died on October 8, 1994. By letter dated December 24, 1994, plaintiffs complained to Irish Builders of problems with the construction of their home. After several attempts by defendant Mark Irish to fix the *414 problems had failed, plaintiffs commenced the instant action by filing a summons and complaint on October 10, 1997. In short, plaintiffs allege that Irish Builders breached the contract by constructing their home in a negligent manner.
Defendants move for summary judgment pursuant to CPLR 3212 dismissing the complaint in its entirety. Defendants contend that the plaintiffs’ cause of action is barred by the Statute of Limitations set forth in the housing merchant implied warranty statute, General Business Law, article 36-B, § 777 et seq., and by plaintiffs’ failure to provide defendants with timely written notice of claim for breach of the housing merchant implied warranty which is required as a condition precedent to the commencement of an action against a builder under the statute. In the alternative, defendants move for the dismissal of the complaint as against defendant Philip Jermain Irish in his capacity as the executor of the estate of Mr. Irish. Defendants contend that the claim against the executor is barred by SCPA 1802 and EPTL 11-1.5 because plaintiffs’ claim was not presented to the executor within the prescribed seven months of the issuance of letters testamentary and plaintiffs cannot establish that the distribution of Mr. Irish’s estate was not made in good faith.
Plaintiffs oppose the motion for summary judgment contending that the housing merchant implied warranty statute does not apply to the instant action because the action concerns the construction of a new home on property the plaintiffs already owned and not the sale of a new home. Plaintiffs contend rather that the action is governed by the six-year Statute of Limitations applicable to claims for breach of contract. Plaintiffs also oppose the alternative motion contending that the motion is procedurally defective and that the executor either knew or should have known of the existence of plaintiffs’ claim before he distributed Mr. Irish’s estate.
Housing Merchant Implied Warranty Statute
The first issue presented by the parties is whether the housing merchant implied warranty statute applies to a contract for the construction of a new home on a piece of property that the plaintiffs already possessed title to. By looking at the history of the housing merchant implied warranty statute, the case law interpreting it and the wording of the statute itself, the court finds that the statute only applies to contracts or agreements that involve the sale of new homes. (See, Caceci v Di Canio Constr. Corp., 72 NY2d 52 [1988]; Matter of Roberts *415 Real Estate v New York State Dept. of State, Div. Of Licensing Servs., 80 NY2d 116, 122 [1992]; Fumarelli v Marsam Dev., 92 NY2d 298, 302 [1998]; Chan v Rose Constr. Corp., 211 AD2d 872 [3d Dept 1995]; Pitcherello v Moray Homes, 150 AD2d 860 [3d Dept 1989]; General Business Law, art 36-B, § 777 et seq.)
The forerunner of the housing merchant implied warranty statute was enunciated in Caceci v Di Canio Constr. Corp. (supra), where the Court of Appeals held that contracts for the sale of newly constructed homes carry an implied warranty that the construction was performed in a skillful manner and the building has no material defects.
In particular, the Court of Appeals stated that a “claim based on a breach of implied warranty could only arise at closing of title when the builder-vendor conveyed a house which suffered from latent material defects.” (Caceci v Di Canio Constr. Corp., supra, at 56.)
After the enactment of the housing merchant implied warranty statute, in Matter of Roberts Real Estate v New York State Dept. of State, Div. Of Licensing Servs. (supra), the Court of Appeals classified the statute as a “codification” of Caceci (supra). Later, in Fumarelli v Marsam Dev. (supra, at 302), the Court of Appeals held that “General Business Law article 36-B is a full, effective, and realistic substitute for the protections and rationale recognized in Caceci.”
Specifically, the Court of Appeals stated that: “Caceci stands unmistakably * * * as the launch pad which directly shaped the substance, purpose, and enactment of General Business Law article 36-B. This foundation contributes much to our understanding and interpretation of the intended meaning and full reach of the ultimately enacted and approved statute.” (Fumarelli v Marsam Dev., supra, at 304.)
Finally, the housing merchant implied warranty statute states on its face that “a housing merchant implied warranty is implied in the contract or agreement for the sale of a new home and shall survive the passing of title.” (General Business Law § 777-a [1] [emphasis added].)
In addition, the statute defines “owner” as “the first person to whom the home is sold and, during the unexpired portion of the warranty period, each successor in title to the home and any mortgagee in possession.” (General Business Law § 777 [6] [emphasis added].)
Lastly, the statute defines “warranty date,”'the date the warranty period begins to run, as the “date of the passing of *416 title to the first owner for occupancy by such owner or such owner’s family as a residence, or the date of first occupancy of the home as a residence, whichever first occurs.” (General Business Law § 777 [8].)
In view of the foregoing, it is clear that the housing merchant implied warranty statute only applies to contracts or agreements for the sale of new homes. (See, Pitcherello v Moray Homes, supra.) Consequently, since the instant action did not involve a sale and passing of title, plaintiffs’ claim is not governed by the housing merchant implied warranty statute or its notice of claim and Statute of Limitations provisions. (See, Chan v Rose Constr. Corp., supra.) Rather, plaintiffs’ claim is governed by CPLR 213 which provides a six-year Statute of Limitations for a cause of action for breach of a construction contract which began to run upon the completion of the contract on May 1, 1992. (See, State of New York v Lundin, 60 NY2d 987, 988 [1983]; Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389 [1977]; Chan v Rose Constr. Corp., supra; Hart v Moray Homes, 158 AD2d 890 [3d Dept 1990].) This means that plaintiffs had until May 1, 1998 to commence the instant action against defendants. Since plaintiffs commenced the action on October 10, 1997, the action is timely.
Summary Judgment
As plaintiffs’ action was timely commenced, the court now turns to defendants’ motion for summary judgment. For the first time, defendants contend in their reply papers that plaintiffs have failed to sufficiently plead any claim for breach of contract, but if a claim was sufficiently pleaded, then defendants are entitled to summary judgment on such claim. Defendants submitted new proof and additional pleadings in their reply papers to demonstrate their entitlement to summary judgment on any breach of contract claim.
At the outset, the court finds that plaintiffs have sufficiently pleaded a cause of action against defendants for breach of contract. (See, CPLR 3013; Sears, Roebuck & Co. v Enco Assocs., supra; Foley v D’Agostino, 21 AD2d 60 [1st Dept 1964].) The court, however, cannot properly entertain defendants’ motion for summary judgment on the breach of contract claim since defendants effectively made the motion for the first time in their reply papers. Arguments advanced for the first time in reply papers are entitled to no consideration by a court entertaining a summary judgment motion. (Clearwater Realty Co. v Hernandez, 256 AD2d 100 [1st Dept 1998]; Ritt v Lenox *417 Hill Hosp., 182 AD2d 560, 562 [1st Dept 1992].) Rather, the function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion. (Azzopardi v American Blower Corp., 192 AD2d 453 [1st Dept 1993]; Dannasch v Bifulco, 184 AD2d 415 [1st Dept 1992].) Nor does it avail a movant to shift to his opponent, by way of the reply affidavit, the burden to demonstrate a material issue of fact at a time when the opponent has neither the obligation nor opportunity to respond absent express leave of court. (See, CPLR 2214 [c]; Azzopardi v American Blower Corp., supra; Ritt v Lenox Hill Hosp., supra.) If a movant, in preparation of a motion for summary judgment, cannot assemble sufficient proof to dispel all questions of material fact, the motion should simply not be submitted. (Azzopardi v American Blower Corp., supra; Ritt v Lenox Hill Hosp., supra.) Accordingly, defendants’ motion for summary judgment is denied.
Dismissal Of Claim Against Defendant Executor Philip Jermain Irish
Upon the denial of their motion for summary judgment, defendants move alternatively pursuant to SCPA 1802 and EPTL 11-1.5 to dismiss plaintiffs’ claim against Philip Jermain Irish in his capacity as the executor of Mr. Irish’s estate on grounds that the claim is barred because it was not presented within seven months of the first date of issuance of letters testamentary and because the plaintiffs cannot establish that the distribution of the estate was not made in good faith. In support of this motion, defendants rely on the affidavit of their counsel to prove that the claim was not presented to the executor within the prescribed time period or that the executor had no actual or constructive knowledge of the claim. An attorney’s affidavit, however, is of no probative value on a summary judgment motion unless it is accompanied by documentary evidence that constitutes admissible proof. (Salas v Town of Lake Luzerne, 265 AD2d 770 [3d Dept 1999]; Adam v Cutney & Rathkopf, 238 AD2d 234 [1st Dept 1997]; Weirdein v Johnson, 221 AD2d 899 [4th Dept 1995].) To support the dismissal of the complaint as against the executor, defendants were required to submit proof in admissible form such as an affidavit by a person with actual knowledge of the facts. (Zuckerman v City of New York, 49 NY2d 557, 563 [1980].) Only then would plaintiffs have been required to come forward with proof that the execu *418 tor had actual knowledge of the existence of the claim or suffer dismissal of the claim. (See, e.g., Matter of Even, 183 Misc 717 [1944]; Matter of Frommelt, 154 Misc 81 [1935].) The absence of such an affidavit requires the denial of the motion. Accordingly, defendants’ motion to dismiss the claim against Philip Jermain Irish in his capacity as executor is also denied.