■■ FREDERICK E. BIGGS et al., Appellants-Respondents, v JAMES A. O'NEILL, Individually and Doing Business as CONSTRUCTION MANAGEMENT SERVICES, Respondent-Appellant. [766 NYS2d 391] —Mugglin, J. Cross appeals from a judgment of the Supreme Court (Demarest, J.), entered May 23, 2002 in St. Lawrence County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs seek to recover damages for, inter alia, breach of contract and breach of express and implied warranties for defendant's alleged failure to properly construct the shell of a home on property owned by plaintiffs in the Town of Canton, St. Lawrence County. Supreme Court dismissed certain of plaintiffs' causes of action and precluded plaintiffs from introducing their expert's cost estimates of the amount necessary to repair and complete defendant's work. As a result, the jury's verdict determined that defendant was liable only for $7,151.60 in damages, representing plaintiffs' out-of-pocket expenses. Plaintiffs appeal from the judgment and defendant cross-appeals, contending that the jury's verdict holding him personally liable was error.

Initially, we find no error in Supreme Court's dismissal of plaintiffs' cause of action under General Business Law article 36-B. A housing merchant warranty is implied in the sale of a new home (see General Business Law § 777-a [1]). It has no application to a contract for the construction of a "custom home" on nonbuilder-owned property, which is afforded protection under General Business Law article 36-A (see General Business Law § 770 et seq.; Watt v Irish, 184 Misc 2d 413 [2000]; contra Gorsky v Triou's Custom Homes, 194 Misc 2d 736 [2002]).

Supreme Court also properly dismissed plaintiffs' causes of action sounding in breach of a written contract, fraud and trust fund diversion. Plaintiffs' evidence was simply inadequate to require submission of these issues to the jury for resolution (see Snyder v Puente De Brooklyn Realty Corp., 297 AD2d 432, 437 [2002], lv denied 99 NY2d 506 [2003]; U.W. Marx, Inc. v Mountbatten Sur. Co., 290 AD2d 621, 623 [2002]). We also find no error with respect to Supreme Court's order prohibiting plaintiffs' subsequently hired contractors from testifying as to

their opinions since they were identified simply as eyewitnesses and not expert witnesses (*see* CPLR 3101 [d] [1] [i]; *Myers v Myers,* 255 AD2d 711, 713 [1998]; *Zarrelli v Littauer Hosp.,* 176 AD2d 1181 [1991]).

We do find, however, that Supreme Court erred in precluding plaintiffs from presenting evidence of cost estimates to correct defendant's defective work. In response to a discovery demand from defendant, plaintiffs served a copy of a 17-page report of Bruce Clark, an engineer, which refers to an appendix containing a cost estimate for repairs due to substandard workmanship. At trial, Supreme Court sustained defendant's objection to the introduction of this evidence after determining that defendant had received the 17-page report, but had not received the cost estimate attached as an appendix. CPLR 3126 provides for such penalties "as are just" for a willful failure to comply with disclosure. The type and degree of sanctions imposed are within the discretionary authority of the trial court and will not be disturbed absent clear abuse (*see Kinge v State of New York,* 302 AD2d 667, 669 [2003]). However, any such determination must be tempered by the policy of resolving disputes on their merits (*see id.* at 669). Here, plaintiffs' failure to disclose the cost estimates was neither willful, intentional nor in bad faith. On the contrary, the record suggests a good-faith belief that such cost estimates had been served in response to the discovery demand. Further, the record leaves little doubt that defendant was aware of the existence of such cost estimates and the total amount thereof, revealing the technical nature of the objection. We, therefore, remit for a new trial the surviving causes of action for breach of oral contract and breach of other express or implied warranties in order to give both sides a full opportunity to introduce all relevant evidence concerning liability and damages, including whether defendant is liable in his individual capacity or if any liability found is solely that of his business.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing the award of damages; matter remitted to the Supreme Court for a new trial on the causes of action for breach of oral contract and breach of other express or implied warranties; and, as so modified, affirmed.