■ PATRICIA GARAN, Respondent, v DON & WALT SUTTON BUILDERS, INC., Appellant, et al., Defendants. [773 NYS2d 416]—

In an action, inter alia, to recover damages for breach of contract, the defendant Don & Walt Sutton Builders, Inc., appeals from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated August 29, 2002, as denied those branches of its motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against it and for summary judgment on its counterclaim. Justice Altman has been substituted for former Justice Friedmann (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied those branches of the appellant builder's motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against it. The appellant contends that its contract with the plaintiff was for a "new home" governed by General Business Law article 36-B. According to the appellant, the plaintiff failed to comply with the statutorily required notice conditions precedent to suit thereunder (*see* General Business Law § 777-a [4]), thus barring her statutory claims (*see Rothstein v Equity Ventures,* 299 AD2d 472 [2002]; *Taggart v Martano,* 282 AD2d 521 [2001]; *Pinkus v V.F. Bldrs.,* 270 AD2d 470 [2000]; *Rushford v Facteau,* 247 AD2d 785 [1998]). Moreover, because the plaintiff's statutory remedies are exclusive (*see Fumarelli v Marsam Dev.,* 92 NY2d 298 [1998]), the appellant argues, the remaining three causes of action asserting common law causes of action must also be dismissed.

Contrary to the appellant's contentions, however, this case does not fall within General Business Law article 36-B. Rather, it is governed by General Business Law article 36-A. The home constructed by the appellant for the plaintiff on the plaintiff's land is a "custom home" as defined by General Business Law § 770 (7). The parties' contract is thus one for "home improvement" (General Business Law § 770 [3]) which is governed by General Business Law article 36-A (*see Biggs v O'Neill,* 309 AD2d 1110 [2003]). Pursuant to General Business Law § 772 (2), "[n]othing in [article 36-A] shall impair, limit, or reduce the statutory, common law or contractual duties or liability of any contractor." Accordingly, the notice condition precedent provisions of General Business Law article 36-B (General Business Law § 777-a [4]) have no application to this case. Thus, the Supreme Court correctly sustained the plaintiff's first three causes of action, and did not award judgment on the counterclaim. Altman, J.P., Florio, S. Miller and Luciano, JJ., concur.