■ MARK PARKER, Respondent, v DANIEL W. LEONARD, Appellant. [807 NYS2d 774]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 19, 2004. The order, insofar as appealed from, denied that part of defendant's motion to dismiss the breach of contract claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for defendant's alleged failure to conduct a proper inspection of plaintiff's aircraft in accordance with standards mandated by the Federal Aviation Administration. Defendant moved to dismiss the complaint as time-barred and for failure to state a cause of action (*see* CPLR 3211 [a] [5], [7]), and Supreme Court granted the motion in part, refusing to dismiss the second cause of action insofar as it stated a claim for breach of contract but otherwise dismissing the complaint. We affirm. As a preliminary matter, we note our agreement with plaintiff that the occupation of aircraft mechanic is not one that should be considered "professional" under the standards set forth in *Chase Scientific Research v NIA Group* (96 NY2d 20, 28-30 [2001]). Therefore, actions against aircraft mechanics are governed by the "limitations periods applicable to negligence actions (CPLR 214 [4]) and breach of contract actions (CPLR 213 [2])" (*id.* at 30-31), and not the limitations period applicable to malpractice actions (*see* CPLR 214 [6]).

Addressing first defendant's contention that plaintiff failed to state a claim for breach of contract, we note that, "[i]n assessing a motion under CPLR 3211 (a) (7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and 'the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Gibraltar Steel Corp. v Gibraltar Metal Processing*, 19 AD3d 1141, 1142 [2005]). We conclude that plaintiff has a claim for breach of contract based upon his allegations that defendant acted carelessly in carrying out his contractual obligations, and thus the court properly refused to dismiss the second cause of action pursuant to CPLR 3211 (a) (7) to that extent. Because those allegations arise out of the contractual relationship between the parties, the six-year statute of limitations is applicable thereto (*see Chan v Rose Constr. Corp.*, 211 AD2d 872, 873 [1995]; *City of Niagara Falls v Rudolph*, 97 AD2d 971 [1983]; *see also Manhattanville Coll. v James John Romeo Consulting Engr., P.C.*, 5 AD3d 637, 640-641 [2004]; *Nortic Vil. Corp. v Empire Elec. Supply Co.*, 195 AD2d 1029, 1030 [1993]). The court therefore also properly refused to dismiss the second cause of action pursuant to CPLR 3211 (a) (2) insofar as plaintiff has a claim for breach of contract. We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.