■ MARY SHARPE, Appellant, v FRANK MANN, Doing Business as ALTA REALTY, et al., Respondents. [823 NYS2d 623]—

Carpinello, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered January 23, 2006 in Delaware County, which, inter alia, granted defendants' motion to dismiss the complaint.

Plaintiff commenced this action asserting mostly fraud and breach of contract claims against defendants in connection with a contract to construct a log cabin on her Delaware County property. She also asserted one claim alleging defendants' breach

of General Business Law § 777-a (the housing merchant implied warranty), which had been expressly incorporated in their contract.[1] At issue is an order of Supreme Court dismissing this action and referring the matter to binding arbitration.

We agree with Supreme Court's finding that the claims raised by plaintiff are subject to arbitration. The parties' contract contained a broad arbitration clause which required all disputes arising thereunder to be settled by arbitration (*see e.g. Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95-96 [1975]; *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1131-1132 [2006]; *NAMS Intl. v Spectra.Net Communications*, 255 AD2d 758, 759-760 [1998]; *Matter of International Fid. Ins. Co. [Saratoga Springs Pub. Lib.]*, 236 AD2d 719, 719-720 [1997], *lv denied* 89 NY2d 817 [1997]). Moreover, as the contract pertained to the building of a custom home (*see* n 1, *supra*), it was governed by General Business Law article 36-A, which itself has no restrictions on arbitration. Plaintiff seeks to avoid application of the broad arbitration clause in the parties' agreement by arguing that there is a statutory prohibition against arbitration, namely, General Business Law § 777-b (4) (h).[2]

Although General Business Law § 777-a was expressly incorporated into the parties' contract, even though it was otherwise inapplicable (*see* n 1, *supra*), there is no corresponding reference to General Business Law § 777-b. This being the case, we are unpersuaded that this latter statutory provision trumps the otherwise broad arbitration clause in the contract and permits plaintiff to avoid arbitration. In other words, we are unpersuaded by plaintiff's contention that the specific reference to General Business Law § 777-a in the contract brings into play all of the other provisions of General Business Law article 36-B, including General Business Law § 777-b (4) (h).

Plaintiff's remaining contentions, to the extent properly before us, have been considered and rejected.

---

**1.** While the housing merchant implied warranty under General Business Law § 777-a is automatically applicable to the sale of a new home, it does not apply to a contract for the construction of a "custom home," that is, a single family residence to be constructed on the purchaser's own property (*compare* General Business Law § 770 [2] *and* [7], *with* General Business Law § 777 [6]; *see Garan v Don & Walt Sutton Bldrs.*, 5 AD3d 349 [2004]; *Biggs v O'Neill*, 309 AD2d 1110 [2003]). Thus here, General Business Law § 777-a did not automatically apply to the parties' contract as it involved the construction of a log cabin on plaintiff's own property.

**2.** This provision provides, as relevant here, that "an owner shall not be required to submit to binding arbitration" (General Business Law § 777-b [4] [h]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.