■ SECURITY SUPPLY CORPORATION, Plaintiff, v RALPH CIOCCA, Doing Business as CAN AM ENTERPRISES, Defendant and Third-Party Plaintiff-Appellant. GEORGE DEVEREAUX et al., Third-Party Defendants-Respondents. [854 NYS2d 570]—

Cardona, P.J.

In January 2004, third-party defendants, George Devereaux and Anne Devereaux, entered into a contract with defendant, Ralph Ciocca, for the construction of a modular home on property owned by the Devereauxs in the Town of Plattsburgh, Clinton County. The $123,000 contract set forth a payment schedule with the final payment due upon completion of the project. Prior to and after selling their Vermont home and moving into the modular home, the Devereauxs discovered numerous construction problems and attempted to remedy them with Ciocca. Ultimately, they hired outside contractors to remedy the alleged defects and complete construction. Consequently, the Devereauxs refused to pay Ciocca the $27,181 balance due on the contract. Ciocca then filed a mechanic's lien against the subject property for that amount.

Plaintiff, a supplier, commenced this action against Ciocca to recover the cost of certain materials installed in the Devereauxs'

home.[1] Thereafter, Ciocca brought the subject third-party action against the Devereauxs for breach of contract, claiming that he had fully performed the contract and was entitled to the remaining balance. Following a jury trial on the third-party complaint, the jury found that Ciocca did not complete all of the work called for in the contract.[2] The third-party complaint was dismissed and this appeal by Ciocca ensued.

Initially, we find no error in Supreme Court's instructions to the jury. Although Ciocca requested that the jury be instructed as to substantial performance of the contract, Ciocca failed to present evidence to meet his burden of proving the difference between the balance owed under the contract and the cost to complete and/or repair any defects (see Jerry B. Wilson Roofing & Painting v Jobco—Kelly Assoc., 151 AD2d 896, 897 [1989], lv denied 75 NY2d 706 [1990]; Pilgrim Homes & Garages v Fiore, 75 AD2d 846, 847 [1980], lvs dismissed 51 NY2d 702, 768 [1980]). Furthermore, Supreme Court correctly declined to charge the jury with the statutory new home warranty provisions of General Business Law § 777-a. Since the single-family home was to be constructed on property owned by the Devereauxs, it falls within the statutory definition of a "custom home" contained in General Business Law § 770 (7). Consequently, the provisions of General Business Law § 777-a do not automatically apply to the parties' contract (see Sharpe v Mann, 34 AD3d 959, 960 n 1 [2006]; Garan v Don & Walt Sutton Bldrs., 5 AD3d 349, 350 [2004]; Biggs v O'Neill, 309 AD3d 1110 [2003]).

Next, we will not disturb Supreme Court's denial of Ciocca's motion for a directed verdict. In opposition to Ciocca's assertion that he fully completed the contract, the Devereauxs presented evidence that the construction was incomplete and/or not performed in a good and workmanlike manner as expressly required by the contract. That evidence established that, among other things, the jack posts, which were installed in the basement to support the house and which Ciocca admitted deviated from the contract specifications, were temporary in nature and would not provide long-lasting support; the decks were not properly supported; the deck stairs were improperly installed and secured; the heating system was improperly installed and insufficient for heating the home; and the property was

---

1. Plaintiff's subsequent motion for summary judgment against Ciocca was granted; therefore, plaintiff did not participate at trial or on this appeal.

2. Although initially counterclaims were asserted in the Devereauxs' third-party answer, these counterclaims pertained to mechanic's liens filed against their property by plaintiff and Ciocca and, in any event, were expressly abandoned during the course of the trial.

improperly graded, which caused severe flooding. Viewing this evidence in a light most favorable to the Devereauxs (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), there is ample basis upon which the jury could reach a verdict in their favor, justifying a denial of that motion.

Ciocca's remaining contentions, including his challenges pertaining to jury selection and to Supreme Court's refusal to allow certain nonexpert witnesses to give expert opinions, have been reviewed and found to be without merit.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.