# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**85**

**CA 16-00947**

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE EIGHTH JUDICIAL DISTRICT
ASBESTOS LITIGATION.
------------------------------------------------
DONALD J. TERWILLIGER, ADMINISTRATOR OF THE
ESTATE OF DONALD R. TERWILLIGER, DECEASED,
PLAINTIFF-RESPONDENT,

|                        |                      |
|------------------------|----------------------|
| V                      | MEMORANDUM AND ORDER |

BEAZER EAST, INC., THE COMPANY, FORMERLY KNOWN
AS KOPPERS COMPANY, INC., ET AL., DEFENDANTS,
AND HONEYWELL INTERNATIONAL, INC., SUCCESSOR
IN INTEREST TO WILPUTTE COKE OVEN DIVISION OF
ALLIED CHEMICAL CORPORATION, DEFENDANT-APPELLANT.

---

HARRIS BEACH PLLC, PITTSFORD (A. VINCENT BUZARD OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LIPSITZ & PONTERIO, LLC, BUFFALO (DENNIS P. HARLOW OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), dated March 7, 2016. The order denied the motion of defendant Honeywell International, Inc., successor in interest to the Wilputte Coke Oven Division of Allied Chemical Corporation, for summary judgment dismissing the complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Honeywell International, Inc., successor in interest to Wilputte Coke Oven Division of Allied Chemical Corporation, is dismissed.

Memorandum: In this products liability and negligence action, plaintiff, as administrator of the estate of Donald R. Terwilliger (decedent), seeks damages for injuries sustained by decedent as a result of his exposure to asbestos and coke oven emissions while employed at the Bethlehem Steel plant (Bethlehem) in Lackawanna, New York. Defendant Honeywell International, Inc. (Honeywell) was sued as the successor in interest to Wilputte Coke Oven Division of Allied Chemical Corporation (Wilputte), the designer and builder of five coke oven batteries, Nos. 5 through 9, at Bethlehem.

Honeywell moved for summary judgment seeking dismissal of the

complaint, which, as relevant on appeal, alleged products liability theories in the second and fourth causes of action. Initially, we note that plaintiff conceded in a postargument submission that the first, third and sixth causes of action should be dismissed, and the fifth cause of action is not asserted against Honeywell. Thus, the only two causes of action at issue are the second and fourth causes of action. We further note at the outset that plaintiff does not contend that Honeywell failed to meet its initial burden, and neither party contends that there are issues of fact. Thus, we are presented with a pure question of law on undisputed facts.

In support of those parts of its motion for summary judgment dismissing the second and fourth causes of action, Honeywell contended that the coke oven batteries are not products for purposes of products liability theories and that Wilputte's contract with Bethlehem was one predominantly for services, not the sale of a product placed into the stream of commerce. In denying the motion, Supreme Court rejected those contentions, concluding that the coke ovens are "products" subject to products liability theories and that the transaction between Wilputte and Bethlehem was "more like the sale of goods than a contract for services." Honeywell appeals, and we reverse.

We begin our analysis by noting that, in *Matter of City of Lackawanna v State Bd. of Equalization & Assessment of State of N.Y.* (16 NY2d 222, 226-227), the Court of Appeals concluded, when discussing the nature of these coke oven batteries, that "[t]here is no doubt that, by common-law standards, these structures would be deemed real property. Their magnitude, their mode of physical annexation to the land and the obvious intention of the owner that such annexation be permanent would, indeed, compel that conclusion."

Using the construction of Battery No. 9 as an example, Honeywell's submissions established that the construction of a coke oven battery was a multistage process that took place over approximately 18 months. The overall construction of the battery would have taken approximately 1,460,000 hours of labor to complete over six phases. Phase One involved, among other things, the construction of the foundation and oven deck slab, requiring approximately 15,000 hours of labor over a 100-day period, and 14,000 cubic yards of reinforced concrete and 45,000 hours involving operating engineers and trade persons over a 210-day period. Phase Two was the brick and structural work phase, and involved the construction of a quench tower and a 300-foot coal conveyer system, the latter requiring 3,300 tons of structural steel and 4,400 hours involving operating engineers and ironworkers over a period of 9 to 12 months. The period of labor for the brick work of Battery No. 9 was approximately 520,000 hours over a 180-day period. Phases Three (involving plumbers, steam fitters and electricians), Four (involving HVAC installation) and Five (involving installation of the quench, charging and pusher tracks) would have, collectively, required 452,000 hours of labor to complete. Finally, Phase Six, which involved the construction of offices, a control room, bathrooms and a locker room, would have taken 60 to 90 days and 25,000 to 30,000 hours of labor to complete.

In light of the foregoing, we conclude that service predominated the transaction herein and that it was a contract for the rendition of services, i.e., a work, labor and materials contract, rather than a contract for the sale of a product (*see Hart v Moray Homes*, 158 AD2d 890, 891-892; *Ben Constr. Corp. v Ventre*, 23 AD2d 44, 45; *see generally Perlmutter v Beth David Hosp.*, 308 NY 100, 104-108, *rearg denied* 308 NY 812). We further conclude that a coke oven, installed as part of the construction of the "great complex of masonry structures" at Bethlehem (*City of Lackawanna*, 16 NY2d at 227), permanently affixed to the real property within a coke oven battery, does not constitute a "product" for purposes of plaintiff's products liability causes of action (*see Papp v Rocky Mtn. Oil & Minerals, Inc.*, 236 Mont 330, 340-341, 769 P2d 1249, 1256).

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court