■ VERA QUINONES, Plaintiff, v WALDBAUM's INC., Defendant and Third-Party Plaintiff-Respondent. 21 REGENT DRIVE CORP., Third-Party Defendant-Appellant. — Order, Supreme Court, Bronx County (Callahan, J.), entered on or about September 8, 1982, which granted Waldbaum's motion for summary judgment and denied Regent Drive's motion for either dismissal of the complaint or, in the alternative, for summary judgment, unanimously reversed, on the law, Waldbaum's motion for summary judgment is denied and Regent Drive's motion for dismissal is granted, with costs and disbursements. Waldbaum's operates a supermarket in which Regent Drive operates a pharmacy pursuant to a licensing agreement with Waldbaum's. Paragraph 21c of the agreement provides that Regent Drive will indemnify and hold Waldbaum's harmless from "all claims and demands for, or in connection with any accident, injury or damage whatsoever caused to any person or property arising, directly or indirectly, out of the business conducted by the Licensee [Regent Drive]" in either the licensed premises or the remainder of the premises. The plaintiff was a paid picket who was marching in front of the supermarket in a union

jurisdictional dispute over which local should staff the pharmacy. She went into the supermarket to use the bathroom. She slipped on a foreign substance and fell, injuring herself. The accident occurred in that part of the store controlled by Waldbaum's and its negligence was the sole cause. The plaintiff's action against Waldbaum's was settled for $7,500. The sole issue remaining — whether Regent Drive is obligated to indemnify Waldbaum's — was determined in the latter's favor, Special Term holding that the plaintiff's presence in the supermarket arose "directly or indirectly" from the pharmacy business and hence her claim was covered by the hold harmless agreement. Agreements that would exculpate one from the consequences of his own negligence are strictly construed against him who would be exculpated (22 NY Jur 2d, Contracts, § 267), and, while less precise or less explicit language may suffice for indemnity agreements between businessmen dealing at arm's length, even they must express " 'the unmistakable intent of the parties' " (*Gross v Sweet*, 49 NY2d 102, 108). We are unable to deduce with the requisite certainty that the licensing agreement was intended either to exculpate Waldbaum's from the consequences of its own negligence or to provide indemnity under the circumstances of this accident. The licensing agreement does not expressly exculpate Waldbaum's, and it is forced to argue that exculpation is implicit in its application to "all claims". This argument loses its persuasiveness when paragraph 21b, preceding the hold harmless clause, is considered. There it was expressly stated that Waldbaum's was exempted from liability for any injury occurring on the licensed premises "except for [Waldbaum's] willful negligence". The draftsman, having so indicated his consideration of Waldbaum's negligence, could have followed as easily with an express exemption of Waldbaum for its own negligence in the hold harmless clause. That he did not do so must be construed against Waldbaum's. The hold harmless agreement is applicable only to accidents arising "directly or indirectly" from the operation of the pharmacy. Relative to the circumstances of this accident, the meaning of "directly or indirectly" we find to be so ambiguous as to frustrate application. This lack of certainty must also be construed against Waldbaum's. Concur — Kupferman, J. P., Sandler, Carro, Bloom and Lynch, JJ.