■ FRANK T. TWITCHELL et al., Respondents, v TOWN OF PITTSFORD, Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent. PITTSFORD CENTRAL SCHOOL DISTRICT, Third-Party Defendant-Respondent-Appellant. — Judgment

unanimously reversed, on the law, with costs to third-party plaintiff, and third-party defendant's defenses and counterclaims dismissed. Memorandum: In 1966, the Pittsford Central School District and the Town of Pittsford entered into a written agreement whereby the town was permitted to operate a skating rink on school district property. Pursuant to the agreement, the town was to procure liability insurance covering damages to property and injury to person for any claims arising out of the maintenance and use of the rink. Further, the obligation and responsibility for the maintenance, operation and use of the rink was to fall upon the town without any obligation to the school district. In 1967 this agreement, containing substantially the same terms, was renewed in writing for a term of five years. There was no further written agreement between the parties, but the town continued to maintain the skating rink on the school district property after the expiration of the agreement.

In February, 1977, plaintiff Frank Twitchell, a bus driver employed by the school district, slipped and fell on a patch of ice in the school district parking lot. The ice accumulation was caused by the town's use of a fire hydrant for the purpose of resurfacing the rink on the day preceding the accident. Plaintiff sued the town, which in turn commenced a third-party action against the school district. After trial, the jury apportioned fault against all parties: 25% to plaintiff; 45% to the town; 30% to the school district. Thereafter, on the third-party claim, the court entered judgment in favor of the school district on its counterclaim against the town, finding that the town was obligated to indemnify the school district for the latter's share of plaintiff's award. We reverse.

It is not disputed that at the time plaintiff suffered his injuries the contract between the town and the school district had terminated. When a contract is terminated, such as by expiration of its own terms, the rights and obligations thereunder cease (*New York Tel. Co. v Jamestown Tel. Corp.*, 282 NY 365, 371; *People's Trust Co. v Schultz Novelty & Sporting Goods Co.*, 244 NY 14, 18). The fact that the parties continue to deal under some sort of informal arrangement does not, without more, mean that all the terms of the expired formal contract continue to apply (*Korody Mar. Corp. v Minerals & Chems. Philipp Corp.*, 300 F2d 124, 125). Nor does the continued dealing between the parties gives rise to a new implied contract between them. "Where, after the expiration of a contract fixing the reciprocal rights and obligations of the parties, they continue to do business together, the conduct of the parties may at times permit, or even constrain, a finding that the parties impliedly agree that

their rights and obligations in connection with such business should continue to be measured as provided in the old contract. Even in such case, however, the reciprocal obligations arise from the new implied contract and, unless an intent to make such a new contract is expressed or may be fairly inferred from the conduct of the parties, the obligations of the parties are as matter of law not measured by the terms of the contract which has expired" (*New York Tel. Co. v Jamestown Tel. Corp., supra,* p 371).

The school district seeks to impose on the town a contract of indemnification. Although a party may protect itself from losses resulting from its liability for negligence by means of an agreement to indemnify, "indemnity provisions will not be construed to indemnify a party against his own negligence unless such intention is expressed in unequivocal terms" (*Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153). Courts will not find an intention to make a contract of indemnity unless such intent is clearly expressed (*Quinones v Waldbaum's Inc.,* 98 AD2d 674). Accordingly, the mere conduct of the town herein, in continuing to use the skating rink, is insufficient to create a contract for indemnification.

We note also that the court's finding of implied indemnification was error. An implied right to indemnification arises when one party is compelled to pay for the wrong of another, such as the master-servant relationship (*D'Ambrosio v City of New York,* 55 NY2d 454, 460). The jury found that the school district, itself, was negligent by failing to keep its premises safe, and implied indemnification is, therefore, not available (*D'Ambrosio v City of New York, supra,* p 461; *Margolin v New York Life Ins. Co., supra,* pp 152-153). (Appeals from judgment of Supreme Court, Monroe County, Smith, J. — negligence.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.