■ TOWN OF WEBSTER et al., Appellants, v VILLAGE OF WEBSTER et al., Respondents. (Appeal No. 2.) [720 NYS2d 664] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This case involves a dispute between, *inter alia,* plaintiff Town of Webster (Town) and defendant Village of Webster (Village), regarding the water rates charged by the Village to certain Town residents. For years, the Village provided water to the Town for resale to Town residents. In 1987 the Village and Town entered into a contract (1987 contract) whereby the Village agreed to operate, maintain and repair the water delivery system of all water districts in the Town and to sell water to Town residents at the same rate charged to Village residents. The 1987 contract was for a term of 30 years, but was subject to renegotiation at five-year intervals. In 1996 the Village notified the Town that it wished to renegotiate the 1987 contract. Due to the failure of the parties to renegotiate material terms, including the rate to be charged to Town customers for their water consumption, the 1987 contract expired in 1997 (*see, Village of Webster v Monroe County Water Auth.,* 269 AD2d 781). The Village, however, continued to supply Town residents with water. In December 1997, when it became apparent to the Village that the Town planned to change its supplier of water to the Monroe County Water Authority, the Village Trustees adopted a resolution, effective

May 1998, that, *inter alia*, raised the water rates charged by the Village to certain Town residents.

In December 1998 the Town commenced this action, alleging that the resolution of the Village Trustees to increase the water rates was irrational, arbitrary and capricious, exceeded the "fair return" requirement of General Municipal Law § 94, and constituted a denial of equal protection. The Town further alleged that the conduct of the Village in providing Town residents with water at the same rate charged to Village residents after the expiration of the 1987 contract gave rise to an implied contract. The Town sought, *inter alia*, a declaration that the rate increase resolution was null and void, and a refund of monies paid by Town consumers of Village water in excess of the water rates and base fees charged to Village residents or, alternatively, in excess of the rates and fees authorized by General Municipal Law § 94. Plaintiffs Peter Burkardt and Robert Wiesner, Town residents, concurrently commenced a class action seeking the same relief, which action was eventually consolidated with that of the Town.

With respect to the order in appeal No. 1, the court, *inter alia,* denied the motion of Burkardt and Wiesner seeking, *inter alia*, class certification (*see,* CPLR 902). With respect to the order and judgment in appeal No. 2, defendants moved for summary judgment seeking, *inter alia*, a declaration that plaintiffs are not entitled to the relief requested in the complaint. Plaintiffs cross-moved to compel defendants to comply with outstanding discovery demands. Defendants then moved for leave to amend the answers to assert the affirmative defense of the Statute of Limitations. The court granted defendants' summary judgment motion and declared that defendants' actions in effecting the rate increase were constitutional, and denied all other motions as moot.

We conclude that the court properly granted defendants' summary judgment motion insofar as it sought dismissal of the complaint and amended complaint, but erred in granting that part of defendants' motion seeking a declaration and in failing to grant defendants' motion for leave to amend the answers to assert the Statute of Limitations defense. We further conclude that plaintiffs' General Municipal Law § 94 and equal protection causes of action (non-contract causes of action) are time-barred. A meritorious Statute of Limitations defense that has been waived under CPLR 3211 (e) "can nevertheless be interposed, with court leave, in an amended answer, provided the amendment does not cause the plaintiff 'prejudice or surprise resulting directly from the delay' " (*Armstrong v Peat,*

*Marwick, Mitchell & Co.*, 150 AD2d 189, 190, quoting *Fahey v County of Ontario*, 44 NY2d 934, 935; *see, Henderson v Gulati*, 270 AD2d 308; *Architectural Bldrs. v Pollard*, 267 AD2d 704; *Nortic Vil. Corp. v Empire Elec. Supply Co.*, 195 AD2d 1029). Here, such defense is meritorious and plaintiffs failed to demonstrate prejudice or surprise from defendants' delay in asserting the defense, and thus defendants' motion for leave to amend the answers should have been granted (*see, Nortic Vil. Corp. v Empire Elec. Supply Co.*, *supra*, at 1030).

We agree with defendants that plaintiffs' non-contract causes of action are untimely because they could have been asserted in a CPLR article 78 proceeding and therefore are governed by the four-month Statute of Limitations. "The appropriate Statute of Limitations is determined by the substance of the action and the relief sought" (*Bennett Rd. Sewer Co. v Town Bd.*, 243 AD2d 61, 66; *see, New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 200-201, *rearg denied* 84 NY2d 865; *Press v County of Monroe*, 50 NY2d 695, 701). "[I]f the claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action [or proceeding] in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp. v McBarnette*, *supra*, at 201; *see, Bennett Rd. Sewer Co. v Town Bd.*, *supra*, at 66).

Plaintiffs contend that the determination of the Village Trustees to raise the water rates was legislative rather than administrative, and thus their claims could not have been asserted in a CPLR article 78 proceeding. We disagree. "An action or a determination is deemed to be administrative where it 'is characterized by its individualized application, limited duration, and informal adoption, e.g., resolution by the governing body'" (*Bennett Rd. Sewer Co. v Town Bd.*, *supra*, at 66, quoting *International Paper Co. v Sterling Forest Pollution Control Corp.*, 105 AD2d 278, 282). Here, the rate increase, which was subject to review on a yearly basis and thus was of limited duration, was effected by resolution, not by enactment of a local law or ordinance (*see, Matter of Barsalow v City of Troy*, 208 AD2d 1144, 1145; *cf., Matter of Frontier Ins. Co. v Town Bd.*, 252 AD2d 928, 929-930). Moreover, while plaintiffs' action ostensibly seeks declaratory relief, it is essentially a CPLR article 78 proceeding in the nature of mandamus to compel a refund of monies on the grounds that the water rate increase promulgated by the Village was violative of General Municipal Law § 94 and constituted a denial of equal protec-

tion. "That is a further ground for application of the four-month Statute of Limitations" (*Bennett Rd. Sewer Co. v Town Bd., supra,* at 67).

We further conclude that plaintiffs' implied contract cause of action was properly dismissed. "Where, after the expiration of a contract fixing the reciprocal rights and obligations of the parties, they continue to do business together, the conduct of the parties may at times permit, or even constrain, a finding that the parties impliedly agree that their rights and obligations in connection with such business should continue to be measured as provided in the old contract" (*New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365, 371). However, "[t]he fact that the parties continue to deal under some sort of informal arrangement does not, without more, mean that all the terms of the expired formal contract continue to apply" (*Twitchell v Town of Pittsford,* 106 AD2d 903, 904, *affd* 66 NY2d 824). The record belies plaintiffs' assertions that there is a question of fact whether the Village agreed to continue delivering water to Town residents at the same price charged to Village residents as provided in the 1987 contract.

Given our determination, we do not reach the issue of class action certification (*see, Matter of Marzec v DeBuono,* 95 NY2d 262). We have reviewed the Town's remaining contention alleging breach of contract and conclude that it is without merit. Thus, we modify the order and judgment by granting defendants' motion for leave to amend the answers to assert the affirmative defense of the Statute of Limitations on the non-contract causes of action, dismissing those causes of action and vacating the declarations. (Appeal from Order and Judgment of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.