■ Brian Monahan et al., Appellants, v Joseph Lewis, Defendant, and Whitbeck Associates, Respondent. [858 NYS2d 812]—

Stein, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 26, 2007 in Clinton County, which, among other things, granted defendant Whitbeck Associates' motion for summary judgment on its counterclaim against plaintiffs.

Defendant Whitbeck Associates initially represented defendant Joseph Lewis, the prospective buyer, and—unsolicited by plaintiffs—approached plaintiffs with a specific offer to arrange

the sale of their home to Lewis, if they would list it with Whitbeck as the broker. Plaintiffs agreed and executed a listing agreement with Whitbeck. The listing agreement covered only a two-week period, admittedly because the broker had Lewis ready as a buyer. The listing agreement included a provision that plaintiffs would pay Whitbeck a commission upon securing a purchaser for the property at the sales price and terms listed in the agreement or for any other sales price or terms acceptable to the owner. Lewis made an offer to purchase the house within the time covered by the listing agreement and then withdrew the offer based upon the failure of a contingency contained therein. Lewis then made a second offer, after the expiration of the listing agreement, which was accepted by plaintiffs. Thereafter, Lewis defaulted on the contract for sale.

Plaintiffs commenced this action to recover costs and expenses incurred as a result of their efforts to comply with the second purchase contract, as well as with other related demands made by Lewis, and for an order directing that Lewis's down payment be paid to plaintiffs. In its answer to the complaint, Whitbeck interposed a counterclaim against plaintiffs for payment of its commission. Whitbeck then moved for summary judgment on its counterclaim. Plaintiffs cross-moved for leave to amend their answer to the counterclaim to include a claim for indemnification and contribution against Lewis for the commission. In a decision and order filed in February 2007, Supreme Court, among other things, granted Whitbeck's motion for summary judgment on its counterclaim against plaintiffs and denied plaintiffs' cross motion to amend. Plaintiffs now appeal.

"It is fundamental that a real estate broker earns its commission when it produces a buyer who is ready, willing and able to purchase the subject property under the terms offered by the seller" (*Blackman DeStefano Real Estate v Smith*, 157 AD2d 932, 934 [1990] [citation omitted]). Furthermore, where a valid listing agreement exists, "[i]n the absence of an agreement providing to the contrary, the broker's right to compensation is not dependent upon the performance of the realty contract or the receipt by the seller of the selling price" (*id.*; *see Paul J. Boyer Realty v Perry*, 208 AD2d 1024 [1994]).

Here, it is uncontroverted that the contract of sale was executed after the expiration of the narrow period indicated in the listing agreement. Whitbeck contends that it is nevertheless entitled to its commission because the conduct of the parties demonstrates—as a matter of law—that they implicitly agreed to continue the listing agreement. Although the conduct of parties to a contract following the expiration of that contract can

operate to demonstrate that the parties " 'impliedly agree that their rights and obligations . . . should continue to be measured as provided in the old contract' " (*Town of Webster v Village of Webster*, 280 AD2d 931, 934 [2001], quoting *New York Tel. Co. v Jamestown Tel. Corp.*, 282 NY 365, 371 [1940]), the existence of such an implied contract will ordinarily be a question of fact, as it involves an assessment of the parties' conduct and the extent to which such conduct demonstrates a meeting of the minds (*see Town of Webster v Village of Webster*, 280 AD2d at 934; *see also Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316 [2001]; *Robison v Sweeney*, 301 AD2d 815, 817 [2003]).

We note that, although the contract of sale between plaintiffs and Lewis specifically provided that Whitbeck brought about the sale and was entitled to a commission, that contract was not executed by Whitbeck. Furthermore, even if that provision of the contract of sale suggests that plaintiffs agreed to pay Whitbeck a commission under the terms of that contract, this evidence is insufficient to decide on this record—as a matter of law—that the parties agreed to continue the terms of the listing agreement. Significantly, " '[t]he fact that the parties continue to deal under some sort of informal arrangement does not, without more, mean that all the terms of the expired formal contract continue to apply' " (*Town of Webster v Village of Webster*, 280 AD2d at 934, quoting *Twitchell v Town of Pittsford*, 106 AD2d 903, 904 [1984], *affd for reasons stated below* 66 NY2d 824 [1985]).

Indeed, a reasonable factfinder might conclude that plaintiffs' agreement to pay Whitbeck its commission after the listing agreement had expired was not an indication that plaintiffs were agreeing to extend the listing agreement according to its original terms but, rather, as alleged by plaintiff Brian Monahan, an independent promise conditioned upon the expectation that Lewis would actually purchase the property. Whitbeck's actions could also be construed as undermining the conclusion that it continued to represent plaintiffs. For example, although the listing agreement promised that Whitbeck would list the property with, among others, the Multiple Listing Service, plaintiffs allege that the property was not marketed to anyone other than Lewis. After Lewis defaulted, Whitbeck began showing Lewis other properties. Under these circumstances, we find that a valid question of fact exists as to whether the parties implicitly agreed that the listing agreement—which had a unique, clear two-week duration—was extended.

With respect to plaintiffs' cross motion to amend its answer to Whitbeck's counterclaim, we note that "a defaulting

purchaser may not be compelled to indemnify the seller for payment of a realtor's commission in the absence of an express agreement" (*Blackman DeStefano Real Estate v Smith,* 157 AD2d at 934). This is a purely contractual matter and there is no contractual indemnification clause in the contract of sale. Therefore, the proposed claim against Lewis was without merit and Supreme Court properly denied the cross motion (*see Murray v City of New York,* 43 NY2d 400, 404-405 [1977]; *Ramundo v Town of Guilderland,* 108 AD2d 995, 996 [1985]; *Sharapata v Town of Islip,* 82 AD2d 350, 362 [1981], *affd* 56 NY2d 332 [1982]).

We have considered the remaining contentions of the parties and have found them to be without merit.

Cardona, P.J., Spain and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Whitbeck Associates; motion denied; and, as so modified, affirmed.