**KNIGHTS ARMAMENT COMPANY,**
**Plaintiff,**

v.

**OPTICAL SYSTEMS TECHNOLOGY,**
**INC., Defendant.**

Optical Systems Technology, Inc.,
Counterclaimant/Third Party
Plaintiff,

v.

Knights Armament Company and C.
Reed Knight, Jr., Counterclaim
Defendants.

No. 6:07–cv–1323–Orl–22KRS.

United States District Court,
M.D. Florida,
Orlando Division.

July 15, 2008.

Brian S. Steinberger, Law Office of Brian S. Steinberger, PA, Cocoa, FL, Travis R. Hollifield, Winter Park, FL, for Plaintiff.

J. Robert Arnett, II, Munck Butrus Carter, PC, Dallas, TX, Jeffrey Scott Boyles, Brian R. Gilchrist, Allen, Dyer, Doppelt, Milbrath & Gilchrist, PA, Orlando, FL, for Defendant.

J. Robert Arnett, II, Munck Butrus Carter, PC, Dallas, TX, Brian R. Gilchrist, Allen, Dyer, Doppelt, Milbrath & Gilchrist, PA, Orlando, FL, for Counterclaimant/Third Party Plaintiff.

Brian S. Steinberger, Law Office Of Brian S. Steinberger, PA, Cocoa, FL, Travis R. Hollifield, Winter Park, FL, for Counterclaim Defendants.

### Order

ANNE C. CONWAY, District Judge.

This cause comes before the Court on Counterclaim Defendants Knights Armament Company and C. Reed Knight, Jr.'s (collectively, "Knights Defendants") Motion to Dismiss (Doc. No. 28) the Amended Counterclaims brought by Defendant Optical Systems Technology Co. ("OSTI"). OSTI has responded to the Motion to Dismiss. Doc. No. 32. Based on a review of the parties' submissions and the relevant case law, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss. The Court grants the Motion and dismisses the claim for declaratory

judgment without leave to amend and dismisses without prejudice [1] the claims for trade secret misappropriation, common law unfair competition, business disparagement, and federal trade dress infringement. The Court also denies the Motion with respect to the claims for trademark infringement and unfair competition under the Lanham Act.

## Introduction

Knights Armament Company is a Florida sole proprietorship with its principal place of business in Titusville, Florida, and C. Reed Knight, Jr. is its owner. Doc. No. 22 ¶¶ 2–3, 15. OSTI is a Pennsylvania corporation with its principal place of business in Freeport, Pennsylvania. *Id.* at ¶ 1.

On August 23, 2007, Knights Armament Company brought suit against OSTI and others,[2] alleging trademark infringement, false advertising, and unfair competition under the Lanham Act and Florida law and deceptive and unfair trade practices under Florida law. Doc. No. 1. Knights Armament Company claimed that OSTI used infringing marks and had applied for trademark protection of the allegedly infringing marks. *Id.* at pp. 5–7. Knights Armament Company opposed registrations by OSTI that were pending before the Trademark Trial and Appeal Board ("TTAB"), and OSTI also moved to cancel some of Knights Armament Company's registrations. *Id.* at pp. 4–5. The TTAB consolidated the cancellation and opposition proceedings and suspended them on September 10, 2007, in light of this litigation. Doc. No. 22 ¶ 34.

OSTI answered Knights Armament Company's Complaint (Doc. No. 6) and counterclaimed against Knights Armament Company, C. Reed Knight, Jr., and Brian

Steinberger on December 21, 2007 (Doc. No. 7). On February 19, 2008, OSTI amended its Counterclaims to omit any claims against Brian Steinberger. Doc. No. 22.

In the Amended Counterclaims (Doc. No. 22), OSTI brings claims against both Knights Armament Company and C. Reed Knight, Jr. (collectively, "Knights Defendants") for declaratory judgment, Lanham Act trademark and trade dress infringement, Lanham Act unfair competition, common law unfair competition, trade secret misappropriation, and business disparagement. On March 6, 2008, the Knights Defendants moved to dismiss these Amended Counterclaims. Doc. No. 28. OSTI opposed the Motion to Dismiss on March 24, 2008. Doc. No. 32.

## Analysis

### I. Motion to Dismiss Standard

In a complaint, the plaintiff must present a short and plain statement of the claim showing that he is entitled to relief. Fed.R.Civ.P. 8(a)(2). On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the allegations of the complaining party are to be accepted as true. *Grossman v. Nationsbank, NA.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *see also Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1965–66, 167 L.Ed.2d 929 (2007). While the allegations must be plausible and sufficient to raise a right to relief above the speculative level, a short and plain statement of the claim is all that is required to survive a motion to dismiss. *Twombly,* 127 S.Ct. at 1965–67.

### II. Claim for Declaratory Judgment (Count One)

OSTI "seeks a declaration that it is the rightful owner of the technology for the

---

1. These counterclaims are dismissed without prejudice, but OSTI must only amend if it can do so and still comport with the requirements of Fed.R.Civ.P. 11(b).

2. The Court granted a Motion to Dismiss the other defendants for lack of personal jurisdiction on May 21, 2008. Doc. No. 33.

night vision devices, including the trade dress that accompanies these night vision devices and the corresponding ... marks." Doc. No. 22 ¶ 39. The Knights Defendants point out that OSTI fails to state whether the action for declaratory judgment is made pursuant to the federal or state Declaratory Judgment Act. Doc. No. 28 p. 4. In response, OSTI argues that it states a claim under both the federal and Florida Declaratory Judgment Acts, implying that it meant to bring the action under both statutes. Doc. No. 32 pp. 4–5. Regardless of whether the action is brought under federal or state law, the Court would dismiss a declaratory judgment claim in its discretion, because all of the issues will be settled by the trademark claims.

### A. Exercise of Jurisdiction Over Declaratory Judgment Claims is Discretionary

Though there appears to be an underlying case or controversy regarding trademark infringement that permits OSTI to file a declaratory judgment action,[3] whether to sustain a claim under either the federal or state Declaratory Judgment Acts is a matter of the Court's discretion.

 Under the federal Declaratory Judgment Act, a court maintains broad discretion over whether or not to exercise jurisdiction over claims. "The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 S.Ct. 764, 776, 166 L.Ed.2d 604 (2007) (emphasis in original); *see also Ameritas Variable Life Ins. Co. v.*

*Roach,* 411 F.3d 1328, 1330 (11th Cir.2005) (The Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so.") The courts thus have a "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).[4]

 Florida's Declaratory Judgment Act also grants the court discretion over declaratory judgment actions. *See, e.g., Palumbo v. Moore,* 777 So.2d 1177, 1178 (Fla. 5th DCA 2001) ("when dismissing a count in a complaint seeking declaratory judgment, the trial court's ruling is accorded great deference.") (citing *Travelers Ins. Co. v. Emery,* 579 So.2d 798, 800 (Fla. 1st DCA 1991) (granting declaratory relief "remains discretionary with the court[.]") (citations omitted)); *Higgins v. State Farm Fire & Cas. Co.,* 894 So.2d 5, 17 (Fla.2004) (timing of direct and declaratory action within discretion of district judge). Thus, the Court has discretion under both the state and federal Declaratory Judgment Acts as to whether to sustain OSTI's claim for declaratory judgment.

### B. The Court Declines to Entertain the Declaratory Judgment Claim Because Other Pending Claims Render Declaratory Judgment Unnecessary

 The Court's discretion over whether to sustain a claim for declaratory judgment extends to cases where a direct

---

**3.** *See* 28 U.S.C. § 2201(a) (statute gives rise to a cause of action for declaratory judgment only in a case of actual controversy); *State v. Fla. Consumer Action Network,* 830 So.2d 148, 151 (Fla. 1st DCA 2002) (citations omitted) (actual, present controversy must exist for declaratory proceeding to be entertained under Florida's Declaratory Judgment Act).

**4.** The Court's discretion is broad but not unlimited. *See Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (holding that the district court in its discretion under the Declaratory Judgment Act had to consider issues such as whether claims could actually be adjudicated and if necessary parties could be joined.).

action involving the same parties and the same issues has already been filed. *See, e.g., Seaboard Sur. Co. v. Tex. City Ref.,* 109 F.Supp. 468, 470 (D.Del.1952); *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937) ("It is well settled that the declaratory remedy should not be invoked merely to try issues . . . in pending cases."). In its discretion as to whether to entertain a declaratory judgment action, the Court holds that the infringement claims brought by both sides in this case will decide the issues at stake in OSTI's claim for declaratory judgment. Because the parties' rights with respect to trademarks will be decided by the infringement claims at hand, there is no need for declaratory judgment. Thus, the Court in its discretion dismisses OSTI's declaratory judgment claim without leave to amend.

■ The Court notes that OSTI also seeks a declaration that it owns "the technology for OSTI's night vision devices[.]" Doc. No. 22 ¶ 39. However, OSTI admits that it "seeks declaratory relief to ensure final resolution of all issues between the parties relating to the marks at issue." Doc. No. 32 p. 3. As OSTI indicates, the real issue is trademark rights. OSTI's pleadings have not put ownership of the night vision technology at issue. OSTI has not alleged patent infringement or any other cause of action relating to the technology itself. *See* Doc. No. 22. Because OSTI has not pled a valid case or controversy over the ownership of technology, the Court holds that no declaratory judgment action is permitted or warranted on that issue. *See* 28 U.S.C. § 2201(a) (actual controversy required for federal declaratory judgment action); *Fla. Consumer Action Network,* 830 So.2d at 151 (actual controversy required for declaratory action under state law).

## III. Lanham Act Claims (Counts Two and Three)

### A. Claims Under Section 43(a) of the Lanham Act: Trademark Infringement, False Designation of Origin, and Unfair Competition

#### I. Claims Based on Trademarks

■ Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) forbids trademark infringement, false designation of origin, and unfair competition, and protects both registered and unregistered marks. *Planetary Motion, Inc. v. Techsplosion,* 261 F.3d 1188, 1193 (11th Cir.2001). Section 32 of the Lanham Act (15 U.S.C. § 1114) provides protection only for registered marks. *See Univ. of Ga. Athletic Ass'n v. Laite,* 756 F.2d 1535, 1541 (11th Cir.1985). OSTI alleges trademark infringement, false designation of origin, and unfair competition in violation of both sections 32 and 43(a) of the Lanham Act (Doc. No. 22 ¶¶ 46, 50), but OSTI does not own any registered marks. Thus, OSTI's claims are actually only for violations of section 43(a) of the Lanham Act. *See Laite,* 756 F.2d at 1541.

■ To state a claim under section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), OSTI must show that it had prior rights to the marks at issue and that the Knights Defendants employed marks that were similar enough to OSTI's to create a likelihood of confusion. *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.,* 106 F.3d 355, 358 (11th Cir.1997), *modified,* 122 F.3d 1379 (11th Cir.1997) (citations omitted). OSTI has alleged that its trademarks UNS, UNIVERSAL NIGHT SIGHT, UNIVERSAL NIGHT SCOPE, MUNS, MAGNUM UNIVERSAL NIGHT SIGHT, DUNS, and DUALBOND UNIVERSAL NIGHT SIGHT are protected under the Lanham Act, should be included in the federal reg-

ister, and warrant cancelling Knights Armament Company's registrations for UNS, KNIGHTSCOPE, UKS, and UNIVERSAL KNIGHTSCOPE.[5] Doc. No. 22 ¶¶ 24, 26–29. OSTI also alleges that Knights Armament Company's use of UNS, KNIGHTSCOPE, UKS, and UNIVERSAL KNIGHTSCOPE infringes on OSTI's protected marks, which were in use on products developed as early as 1996. *Id.* at ¶¶, 43–45. Based on these allegations, OSTI has stated a claim for trademark infringement under the Lanham Act sufficient to survive a motion to dismiss. *See Twombly,* 127 S.Ct. at 1965–66. The Knights Defendants have been provided with the requisite notice of OSTI's trademark infringement claim. *See* Fed. R.Civ.P. 8(a)(2). The Amended Counterclaims are not, as the Knights Defendants state, "hopelessly unanswerable" or a "quagmire." Doc. No. 28 p. 13. Thus, the Knights Defendants' Motion to Dismiss the claim of trademark infringement under the Lanham Act is denied.

 "The legal standard for unfair competition ... and trademark infringement under both the Lanham Act and common law has been held to be essentially the same." *Turner Greenberg Assocs., Inc. v. C & C Imports, Inc.,* 320 F.Supp.2d 1317, 1330 (S.D.Fla.2004). Just as for trademark infringement, in order to succeed on a claim for unfair competition under 15 U.S.C. § 1125(a), plaintiff must establish valid ownership of the mark and that the defendant's use of the mark in commerce creates a likelihood of confusion. *Turner Greenberg,* 320 F.Supp.2d at 1330. OSTI has sufficiently alleged priority in its marks and a likelihood of confusion to sustain a claim for Lanham Act unfair competition as well as trademark infringement.

As the Knights Defendants point out, the "Eleventh Circuit views a 'false designation of origin' claim under 15 U.S.C. § 1125(a) as essentially the same thing as 'unfair competition' under the same section." Doc. No. 28 pp. 12–13 (citing *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.,* 508 F.3d 641, 647–48 (11th Cir.2007)). Because OSTI has met this standard, the Court also sustains OSTI's claims for false designation of origin under 15 U.S.C. § 1125(a).

### ii. Claims Based on Trade Dress

 OSTI also alleges trade dress infringement, based on the allegation that the Knights Defendants "copied OSTI's trade dress in connection with [their] competing night vision devices, including OSTI's distinctive material finish, shape, and exterior design of a night vision device of the same size and shape." Doc. No. 22 ¶¶ 43, 48, 53. To succeed on a claim of trade dress infringement, OSTI must prove that the trade dress is not functional and that it is inherently distinctive or has acquired secondary meaning. *Wal–Mart Stores, Inc. v. Samara Bros., Inc.,* 529 U.S. 205, 212–215, 120 S.Ct. 1339, 146 L.Ed.2d 182 (2000). OSTI alleges that its trade dress is not functional and is distinctive, with respect to finish, shape, and exterior design, but does not explain why it is distinctive and nonfunctional, nor what actually comprises the trade dress or how the Knights Defendants infringe on it. *See* Doc. No. 22 ¶¶ 37, 43, 48, 53. OSTI did not provide a physical representation of the allegedly infringing trade dress to the Court. The only description of the trade dress is that OSTI's products have a "distinctive material finish, shape, and exterior design." *Id.* at 43, 48, 53. These

---

**5.** Knights Armament Company federally registered the marks UNS, KNIGHTSCOPE, and UKS on May 10, 2005, and the mark UNI- VERSAL KNIGHTSCOPE on November 14, 2006. Doc. No. 1 pp. 4–5.

sparse facts and conclusory allegations constitute a mere recitation of the elements of the cause of action for trade dress infringement, which is insufficient to survive a motion to dismiss. *Twombly*, 127 S.Ct. at 1965. Thus, the Court holds that OSTI's claim of trade dress infringement is dismissed without prejudice.

## IV. State Law Claims

### A. Common Law Unfair Competition (Count Four)

 OSTI also includes a claim for common law unfair competition. Doc. No. 22 ¶¶ 53–55. However, OSTI does not indicate whether it is bringing suit under Florida or Pennsylvania law of unfair competition. In response to the Motion to Dismiss, OSTI argues that it states a claim regardless of whether Florida or Pennsylvania law applies. Doc. No. 32 p. 14. OSTI may have a claim for common law unfair competition for the same reasons it has succeeded in stating a claim under the Lanham Act. But, as master of its claim, OSTI has to make a short and plain statement of its legal claim showing it is entitled to relief under a specific statute or legal theory, by asserting what state law entitles it to relief. *See* Fed.R.Civ.P. 8(a)(2). At that point, the Court will assess the validity of the claim. Thus, OSTI's claim for common law unfair competition is dismissed without prejudice.

### B. Trade Secret Claims (Count Five)

 OSTI has brought a claim under what it calls the Uniform Trade Secrets Act. Doc. No. 22 ¶ 57. As with the common law unfair competition claim, OSTI fails to allege under which state's Trade Secrets Act OSTI is bringing suit. In response to the Motion to Dismiss, OSTI outlines the trade secret law of both Florida and Pennsylvania. Doc. No. 32 pp. 14–16. However, under either state's law, OSTI has failed to state a claim for misappropriation of trade secrets. OSTI alleges that the Knights Defendants "misappropriated OSTI's trade secrets in violation of [their] contractual and confidential relationship, unlawfully disclosed OSTI's trade secrets, and/or unlawfully used OSTI's trade secrets." Doc. No. 22 ¶ 58. OSTI states that the Knights Defendants had access to trade secrets through business dealings that exposed them to OSTI's facilities and products. Doc. No. 22 ¶¶ 16, 19. However, OSTI gives no further details as to how the Knights Defendants allegedly used the trade secrets. As the Supreme Court indicated in *Twombly*, 127 S.Ct. at 1965, a formulaic recitation of the elements of a cause of action will not suffice to state a claim. OSTI's bare allegations in the counterclaim that the Knights Defendants committed trade secret misappropriation lack factual support and cannot survive a motion to dismiss. Thus, OSTI's claim for trade secret misappropriation is dismissed without prejudice.

### C. Business Disparagement (Count Six)

 OSTI's claim for business disparagement[6] is similarly lacking. OSTI claims that the Knights Defendants have "communicated false disparaging words about OSTI's economic interest and business" and have "published [these words] with reckless disregard for whether the

---

**6.** The Knights Defendants argue that the business disparagement claim should be brought as a claim for injurious falsehood in Florida. Doc. No. 28 p. 22. OSTI responds that Pennsylvania law should apply (Doc. No. 32 p. 17), though the Amended Counterclaims do not indicate whether the claim is brought under Pennsylvania or Florida law (Doc. No. 22 ¶¶ 60–62). Under the motion to dismiss standard, the allegations in the amended counterclaims fail to state a claim for this tort under the law of either jurisdiction. *Twombly*, 127 S.Ct. at 1965–67.

statements were true, with ill will, and/or with the intent to interfere in OSTI's economic interest." Doc. No. 22 ¶ 60. However, OSTI pleads nothing more specific.[7] Such a recitation of the elements of a cause of action does not state a claim under Fed.R.Civ.P. 12(b)(6). *Twombly*, 127 S.Ct. at 1965. Thus, OSTI's claim for business disparagement is dismissed without prejudice.

### Conclusion

Based on the foregoing, it is ORDERED as follows:

1. Counterclaim Defendant Knights Armament Company and Counterclaim Defendant C. Reed Knight, Jr.'s Motion to Dismiss the Amended Counterclaims by Optical Systems Technology, Inc., (Doc. No. 28), filed March 6, 2008, is **GRANTED IN PART** and **DENIED IN PART.**

2. Specifically, the Motion to Dismiss (Doc. No. 28) is GRANTED with respect to Count 1 of the Amended Counterclaims (Declaratory Judgment), WITHOUT LEAVE TO AMEND.

3. The Motion to Dismiss Count 2 of the Amended Counterclaims (Lanham Act Infringement) is DENIED with respect to trademark infringement but GRANTED with respect to trade dress infringement, WITH LEAVE TO AMEND.

4. The Motion to Dismiss is DENIED with respect to Count 3 (Lanham Act Unfair Competition).

5. The Motion to Dismiss Counts 4, 5, and 6 of the Amended Counterclaims (Common Law Unfair Competition, Trade Secret Misappropriation, and Business Disparagement) is GRANTED WITH LEAVE TO AMEND.

6. Counterclaimant OSTI shall file its Second Amended Counterclaims on or before August 5, 2008. Counterclaimant OSTI shall only amend if doing so would comport with the requirements of Fed. R.Civ.P. 11(b).

**DONE** and **ORDERED.**

---

7. In its response, OSTI states that "false filings akin to" the Knights Defendants' registrations of marks, application to register the STARTRON mark, and trademark oppositions "support claims of disparagement ... or injurious falsehood under Florida law." Doc. No. 32 p. 18. However, on a motion to dismiss, the Court is limited to reviewing allegations contained in the complaint, not additional information provided in response to the motion to dismiss. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006). The Court also questions whether

TTAB filings can be used to support a claim for business disparagement, given that statements made in the course of legal proceedings are often privileged. *See* Restatement (2d) of Torts § 587 (1977) ("A party to a private litigation ... is absolutely privileged to publish defamatory matter concerning another. as a part of, [sic] a judicial proceeding in which he participates, if the matter has some relation to the proceeding."). OSTI must consider this in deciding whether this claim is warranted under the law pursuant to Fed.R.Civ.P. 11(b).