**ASTRAL HEALTH & BEAUTY, INC., Plaintiff,**

v.

**ALOETTE OF MID–MISSISSIPPI, INC., et al., Defendants.**

Civil Action No. 1:12–CV–1904–WBH.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 1, 2012.

John P. Jett, Michael W. Tyler, Ross Dallas Andre, Kilpatrick Townsend & Stockton, LLP, Atlanta, GA, for Plaintiff.

W. Michael Garner, W. Michael Garner, P.A., Devin Howard Gordon, Stephen Melvin Dorvee, Arnall Golden & Gregory, Minneapolis, MN, for Defendants.

## ORDER

WILLIS B. HUNT, JR., District Judge.

This matter is before the Court for consideration of Defendants' Fed.R.Civ.P. 12(c) motion for judgment on the pleadings with respect to the amended complaint, [Doc. 20], Defendants' motion for sanctions [Doc. 22], Plaintiff's motion to dismiss Defendants' counterclaims, [Doc. 24], and Defendants' motion to file an amended reply, [Doc. 29].[1]

## BACKGROUND

Very briefly summarizing the amended complaint's, [Doc. 15], factual allegations, Plaintiff operates a franchisor company that supplies skin-care and beauty products under the trade name Aloette to franchisees who sell the products to customers. Defendants are two former franchisees and their guarantors who entered into separate (but materially identical) written franchise agreements. Both of the franchise agreements expired prior to the events giving rise to the instant action. The franchise agreements contained language regarding successor terms, but a successor term required certain affirmative acts that were not taken by the parties. Despite the lapsing of the franchise agreements, Defendants maintained a business relationship with Plaintiff and continued to purchase and sell Plaintiff's products.

In its amended complaint, Plaintiff asserts that, even though the franchise agreements had expired, the parties continued to adhere to the agreements, including the fact that Defendants continued to pay royalty payments and "web fees" due under the agreements and continued to accept performance incentives, and these actions allegedly "waived" the renewal terms of the franchise agreements. Plaintiff claims that Defendants have breached express terms of the franchise agreements by (1) competing with Plaintiff, (2) purchasing beauty products from sources other than Plaintiff, (3) using advertising that contains marks other than those belonging to Plaintiff, and (4) misusing Plaintiff's confidential information. Plaintiff has also raised claims of a breach of the implied covenant of good faith and fair dealing, unfair competition under 15 U.S.C. § 1125(a), common law unfair competition, deceptive trade practices under O.C.G.A. § 10–1–372(a), and, as against the individual Defendants, breach of the guaranty agreements.

---

1. Defendants also filed a motion for judgment with respect to the original complaint. [Doc. 6]. As this Court should have recognized in the order entered July 25, 2012, [Doc. 21], with the filing of the amended complaint, that motion was rendered moot and will be denied.

In their answer to the amended complaint, Defendants raise three counterclaims: (1) a claim seeking a declaration that Plaintiff has no confidential information or trade secrets associated with its Aloette system, (2) a claim seeking a declaration that the covenants not to compete in the franchise agreements are not valid, and (3) a claim for "commercial disparagement."

## *DISCUSSION*

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. *Roma Outdoor Creations, Inc. v. City of Cumming,* 558 F.Supp.2d 1283, 1284 (N.D.Ga.2008); *Gentilello v. Rege,* 627 F.3d 540, 543–44 (5th Cir.2010). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In ruling on Defendant's motion to dismiss, this Court must accept as true all of the Complaint's well-pled factual allegations and construe the reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1273 n. 1 (11th Cir.1999). However, Plaintiff's factual allegations must nonetheless raise a right to relief beyond a speculative level. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

### *Defendants' Motion for Judgment*

▬ In their motion for judgment on the pleadings on Plaintiff's breach of contract claims, Defendants point out that the two franchise agreements at issue expired in 2001 and 2004, respectively, and, as a result, they cannot have breached the agreements. However, according to the allegations of the amended complaint, Defendants continued to operate as a franchisee which had the effect of waiving the renewal terms of the agreements.

Having carefully considered the parties' arguments, this Court concludes that the complaint does contain sufficient allegations of the existence of a contract to state a claim for breach. Although Defendants characterize the interactions that occurred after the expiration of the franchise agreements as mere business transactions, it is clear from the allegations of the complaint, which are here assumed to be true, that the parties had expectations that went beyond the typical business/customer relationship. Defendants appear to have generally continued to operate as franchisees, in which event they expected Plaintiff to provide to them certain services beyond Plaintiff's products. In other words, according to the allegations of the complaint, there was some sort of contract between the parties, and the terms of that contract—based on the parties' expectations and their course of dealing—are left for discovery to reveal. *See Monahan v. Lewis,* 51 A.D.3d 1308, 1310, 858 N.Y.S.2d 812 (N.Y.A.D. 3 Dept.2008) ("[T]he existence of such an implied contract will ordinarily be a question of fact, as it involves an assessment of the parties' conduct and the extent to which such conduct demonstrates a meeting of the minds.").

▬ As is evident from the fact that neither Plaintiff nor Defendants cited to a single case that supported their arguments regarding the existence of a contract, Georgia law is not well developed in this area. This Court agrees with the sentiment voiced by a New York court that "[t]he fact that the parties continue to deal under some sort of informal arrangement does not, without more, mean that all the terms of the expired formal contract continue to apply." *Town of Webster v. Vil-*

*lage of Webster,* 280 A.D.2d 931, 934, 720 N.Y.S.2d 664 (N.Y.S.Ct.2001) (citations omitted). However, the parties' actions could create an implied contract under which "their rights and obligations should continue to be measured as provided in the old contract." *Id.*

While this Court recognizes that its role does not include rescuing Plaintiff from its failure to renew its franchise agreements, it would appear to be equally offensive to permit Defendants to continue to reap the benefits of a franchise agreement after its expiration and be relieved of the burdens of the same agreement. Only with a fully developed factual record can this Court determine which of these paths is appropriate. In summary, this Court concludes that the pleadings alone do not resolve the question of whether a contract existed and what the terms of that contract would be.

Given the fact that the complaint states a claim for a breach of contract, this Court further concludes that Plaintiff's claims of breach of the implied covenant of good faith and fair dealing, unfair competition under 15 U.S.C. § 1125(a), common law unfair competition, deceptive trade practices under O.C.G.A. § 10–1–372(a), and breach of the guaranty agreements are also sufficient to state a claim for relief. Although some of these causes of action might not be sufficiently developed and are inconsistent with the breach of contract claims, this Court is willing to permit Plaintiff to pursue and develop the claims at least to the summary judgment stage.

### Plaintiff's Motion to Dismiss Counterclaims

In its motion to dismiss the counterclaims, Plaintiff asserts that Defendants' first and second counterclaims seeking declaratory judgment "fail the essential test of the Declaratory Judgment Act because they do not resolve an uncertain and outstanding controversy," and because the claims simply mirror the complaint. [Doc. 24 at 2–3]. Plaintiff also assails Defendants' "commercial disparagement" claims because no such claim is recognized under Georgia law.

With respect to Defendants' declaratory judgment claims, a Southern District of Florida court discussed a materially identical case as follows:

> The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In deciding whether to entertain a declaratory judgment action, district courts are provided "ample" discretion. *Kerotest Mfg., Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183–84, 72 S.Ct. 219, 96 L.Ed. 200 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims); *see MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ("The Declaratory Judgment Act provides that a court may declare the rights and other legal relations of any interested party, not that it must do so") (emphasis in original). The Court's discretion extends to whether to sustain a declaratory judgment action when a direct action involving the same parties and the same issues has already been filed. *Knights Armament Co. v. Optical Sys. Tech., Inc.,* 568 F.Supp.2d 1369, 1374–75 (M.D.Fla.2008). Moreover, a declarato-

ry judgment serves to clarify the legal relations and is not for the purpose of making factual determinations. *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 650 F.Supp.2d 1213, 1231 (S.D.Fla.2009); *Eisenberg v. Standard Ins. Co.*, No. 09–80199, 2009 WL 1809994, at *3 (S.D.Fla. June 25, 2009).

If a district court determines that a complaint requesting a declaratory judgment will not serve a useful purpose, the court cannot be required to proceed to the merits before dismissing the complaint. *Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 2006 WL 3782916, *3 (N.D.Ill.2006) (citing *United States v. Zanfei*, 353 F.Supp.2d 962, 964 (N.D.Ill.2005)). A number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses. *Gratke v. Andersen Windows, Inc.*, 2010 WL 5439763, *2 (D.Minn.2010). When deciding whether to dismiss a counterclaim on the basis that it is redundant, "courts consider whether the declaratory judgment serves a useful purpose." *Id.* at *3. To determine whether the declaratory judgment serves a useful purpose, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Id.*

*Medmarc Casualty Ins. Co. v. Pineiro & Byrd PLLC*, 783 F.Supp.2d 1214, 1216–17 (S.D.Fla.2011).

■ In the instant action, this Court is generally inclined to conclude that Defendants' declaratory judgment counterclaims serve a useful purpose because they seek relief that is somewhat different from that sought in Plaintiff's amended complaint.

Even if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim. *Gratke*, 2010 WL 5439763 at *3.

In *Procentury Ins. Co. v. Harbor House Club Condo. Assoc., Inc.*, 652 F.Supp.2d 552 (D.N.J.2009), the court acknowledged that some authority supports striking a counterclaim for declaratory relief as redundant when the complaint and answer raise the same issues as the counterclaim. *Id.* at 556. When contract interpretation lies at the heart of the case, however, permitting the redundant claims to proceed does serve a legitimate purpose.

In instances where the declaratory relief is based on contract interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near "mirror image" of the complaint, because a "ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically flow from that judgment that defendant's interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one."

*Id.* at 556–557 (quoting *Univ. Patents, Inc. v. Kligman*, 1991 WL 165071 (E.D.Pa.1991)). This Court agrees with this logic and, using its sound discretion, finds that the declaratory judgment counterclaims should not be dismissed or stricken as redundant.

■ Regarding the "commercial disparagement" claim, this Court concludes that based on *State Farm Mut. Auto. Ins. Co. v. Hernandez Auto Painting and Body Works, Inc.*, 312 Ga.App. 756, 719 S.E.2d

597, 600 (2011), this Court must dismiss Defendants' commercial disparagement claim. In *Hernandez,* the Georgia Court of Appeals held that Georgia law does not recognize a cause of action for commercial disparagement or trade libel and that the trial court erred in failing to grant the opposing party's motion to dismiss the claim. In their response, Defendants argue that this Court should recognize the claim as libel. However, because Defendants failed to call their claim libel, this Court feels bound by *Hernandez* to dismiss the claim and will not amend Defendants' counterclaim for them. Recognizing that it would not prejudice Plaintiff, this Court will permit Defendants leave to amend their counterclaim.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' prior motion for judgment on the pleadings, [Doc. 6], which was filed before Plaintiff amended its complaint is **DENIED** as moot. Defendants' motion for judgment on the pleadings as to the amended complaint, [Doc. 20], is **DENIED.** Because this Court concludes that the amended complaint states a claim for relief, Defendants' motion for sanctions, [Doc. 22], is likewise **DENIED.** Plaintiff's motion to dismiss Defendants' counterclaims, [Doc. 24], is **GRANTED IN PART** and Defendants' counterclaim for commercial disparagement is **DISMISSED** with leave granted for Defendants to recast the claim as a claim for libel.

Finally, Defendants' motion to file an amended reply, [Doc. 29], is **GRANTED** as unopposed.

